UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. McCARTHY, )<br>ALBERT H. LANGSENKAMP, and )<br>BVM FOUNDATION, INC., )<br>      Plaintiffs, )<br>)<br>vs. )<br>)<br>PATRICIA ANN FULLER a/k/a )<br>SISTER JOSEPH THERESE and )<br>PAUL HARTMAN, )<br>      Defendants. | 1:08-cv-994-WTL-DML |

## **ORDER**

Defendants, represented by the same counsel, have each filed a motion to dismiss (Docket Nos. 33 and 34). Even though they filed separate motions, which are virtually identical, the Court nonetheless can address both of them in the same Order.

Defendants, relying on Federal Rule of Civil Procedure 12(b), contend that this action against them should be dismissed because venue is improper and the Amended Complaint fails to state any claim upon which relief can be granted. Aside from the rule, Defendants' motions do not contain any citation to authority. They also contain a list of contentions and grievance that might be more appropriately asserted as counterclaims. Plaintiffs naturally oppose the motions.

As an initial matter, the Court is disturbed to find Plaintiffs' counsel arguing that Defendant Fuller's motion should be dismissed because the Court already considered her arguments when it denied a prior motion to dismiss in the Court's February 5, 2009, Entry. This argument implies that the Court considered the merits and found them wanting. As counsel should be aware from reading that Entry, the Court simply denied Fuller's motion as moot after Plaintiffs filed an Amended

Complaint. Thus, the Court's prior ruling in no way addressed the substance or the merits of Fuller's original motion. Absent any circumstances suggesting the contrary, the Court can only conclude that counsel's insistence that the Court "already considered" the motion is based on a blatant mischaracterization of what an order means when it indicates that something is "moot." The Court trusts that counsel and their firm will take greater care in the future with their arguments and representations to this Court.

The Court finds more persuasive Plaintiffs' remaining arguments.[1] With respect to venue, the Court agrees that venue is proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. For one, Plaintiffs claim to have been damaged in this District by Defendants' actions. In addition, Defendants essentially targeted this District when they allegedly made their telephone calls and other forms of communication that contained threatening information. For instance, Defendants contacted the Disciplinary Commission, officials in Indiana, and members of the Archdiocese of Indianapolis. Finally, a substantial part of the events underlying Plaintiffs' request for declaratory relief occurred in this District. In light of the foregoing, the Court concludes that venue is proper in this District.

As for Defendants' remaining contention that the Plaintiffs fail to state any claims upon which relief can be granted, the Court finds that this argument is unpersuasive as it pertains to the standard governing Rule 12(b)(6) motions. The Court agrees that Plaintiffs have alleged sufficient information on each of their claims to pass muster under the generous standard of Rule 12(b)(6).

---

[1] Like Plaintiffs, the Court notes that Defendant Hartman's motion is inappropriate as it pertains to Counts III through VI, VIII, and IX of the Amended Complaint, which were only asserted against Fuller.

For the foregoing reasons, Defendants' motions (Docket Nos. 33 and 34) are **DENIED**.

IT IS SO ORDERED: 09/11/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Marilyn A. Cramer
THE CRAMER LAW GROUP, LLC
marilyn.cramer@gmail.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com