UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KEVIN B. McCARTHY, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:08-cv-994-WTL-DML |
| ) | |
| **PATRICIA ANN FULLER, a/k/a SISTER** ) | |
| **JOSEPH THERESE, et al.,** ) | |
| ) | |
|   **Defendants.** ) | |

### ENTRY REGARDING MOTION FOR DEFAULT JUDGMENT

The Plaintiffs in this case have filed a motion seeking entry of a default judgment based upon the Defendants' failure to file a timely answer to the Plaintiffs' amended complaint following the denial of the Defendants' motion to dismiss. This motion is premature, inasmuch as the Plaintiffs have not sought–and therefore have not received–an entry of default pursuant to Federal Rule of Civil Procedure 55(a), which is a prerequisite to the entry of default judgment. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ( "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks.")

What should have happened, then, is that the Plaintiffs should have filed a motion for entry of default rather than a motion for entry of default judgment.[1] As contemplated by Rule

---

[1] The Court notes that not only does Federal Rule of Civil Procedure 55 distinguish between the two types of motions, but the court's cm/ecf system does as well; "motion for entry of default" and "motion for default judgment" are two separate "filing events" from which counsel can choose. The Court also notes that it is not at all uncommon for counsel to disregard this difference, and indeed there are numerous appellate decisions in which the two terms are seemingly used interchangeably, thus making counsel's confusion understandable.

55(a), that motion presumably would have been dealt with as a matter of course by the Clerk of Court because, as discussed below, by the time the Plaintiffs' motion was filed the Defendants had not filed an answer and their time for doing so had clearly expired. Once the Clerk entered default, the next step would have been for the Plaintiffs to file a motion for default judgment pursuant to Rule 55(b). Because the Plaintiffs' claims in this case are not "for a sum certain or a sum that can be made certain by computation," that motion could not have been dealt with by the Clerk of Court pursuant to Rule 55(b)(1), but rather would have required action by the Court pursuant to Rule 55(b)(2). Indeed, as the Plaintiffs recognize in their motion, a hearing would have been necessary in order to determine the appropriate amount of damages. What the Plaintiffs fail to recognize, however, is that the hearing and damages determination would have had to come prior to the entry of default judgment; the Court could not, as the Plaintiffs' proposed order contemplated, have entered final judgment on all of the Plaintiffs' claims first[2] and figured out the amount of that judgment later. *See* Plaintiff's Proposed Order ¶ (i) ("This Judgment is a final Judgment, there being present no just cause for delay of this entry") and ¶ (m) (setting status conference to "address the appropriate time for a hearing to determine Plaintiffs' damages").

The distinction between the two types of Rule 55 motions and the fact that obtaining a default judgment is a two-step process is more than just semantics. In between entry of default and entry of default judgment, a defaulted party may move to set aside the entry of default, and Rule 55(c) provides that the court may grant such a motion "for good cause." As discussed more

---

[2] Of course, Federal Rule of Civil Procedure 54(b) provides a mechanism pursuant to which final judgment can be entered on some claims but not others, but there is no suggestion that it would be appropriate to do so in this case.

fully below, this is not an onerous burden for the defaulted party to satisfy, which is consistent with the general preference for deciding cases on the merits. However, if the defaulted party fails to act promptly and does not move to set aside the default before an entry of default judgment occurs, the burden becomes much more substantial, as the defaulted party must then satisfy Federal Rule of Civil Procedure 60(b)'s standard for setting aside a judgment.

What this lesson in federal civil procedure means is that the Plaintiffs' motion for default judgment clearly is subject to being denied as premature. However, the motion has been fully briefed at this point, and the Court determines that it already has everything it needs to resolve the ultimate issue: whether, given the Defendants' dilatory approach to answering the amended complaint, this case should proceed on the merits. Therefore, in the interests of judicial economy, the Court will address that issue at this time.

On September 11, 2009, the Court denied the Defendants' motion to dismiss the amended complaint in this case. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Defendants were required to file their answer to the amended complaint within ten days of that ruling. Pursuant to Federal Rule of Civil Procedure 6(a)(2), that time period expired on September 25, 2009. No answer was filed by that date; accordingly, on October 7, 2009, when the Plaintiffs filed their motion, the Defendants clearly were subject to the entry of default pursuant to Rule 55(a).

The Court notes that the Defendants do not actually dispute that they did not file a timely answer; however, they argue that their answer was not due until "October 13, 2009, at the earliest" and therefore they were not subject to default as of the date of the Plaintiffs' motion. The Defendants' reasoning on this issue can only be described as bizarre. The amended complaint was filed on February 4, 2009. The following day, the Court issued an order that,

3

*inter alia*, gave Defendant Fuller until March 5, 2009, to respond to the amended complaint.[3] This deadline was satisfied, inasmuch as the Defendants filed their motions to dismiss the amended complaint on February 25, 2009. The Defendants now point to the February 5th order establishing a March 5th deadline and argue that somehow that order extended their September 25th deadline to October 13th.[4] It did not, and no attorney could reasonably believe that it did.[5]

The next question is whether an entry of default–had it been sought and made–would have been subject to being set aside for good cause. The Seventh Circuit has given conflicting guidance with regard to the meaning of "for good cause" in Rule 55(c). In *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007), the court explained that a defaulted party need not demonstrate that there was a good reason for the failure that led to the default in order to have the default set aside. Rather, "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" In other words, the fact that a default would lead to the imposition of

---

[3]This entry was issued because Fuller was proceeding pro se at that point and the court finds it far more efficient to set forth clear deadlines for pro se litigants when possible rather than dealing with motions for default and motions to set aside default because the pro se litigant was unaware of the applicable deadlines.

[4]The Defendants assert that March 5th was 30 days after February 5th and therefore they had 30 days from September 11th to file their answer. March 5th is actually 28 days from February 5th, making the Defendants' argument both logically and mathematically incorrect.

[5]The Defendants also suggest that their deadline for answering should not be calculated from September 11th, the date the Court's ruling on the motion to dismiss was docketed, but rather from "the later date Defendants and their attorney became aware of the Court's Order." No reasonable attorney could believe that to be the case, either. Rule 12(a)(4)(B) sets forth the applicable deadline: "within 10 days after notice of the court's action." Notice of the court's action occurred via email to counsel immediately upon docketing of the order, at 4:02 p.m. on September 11th. It is nonsensical to suggest that the deadline was dependent upon counsel checking her email and thereby "becoming aware of" the Court's ruling.

"[d]amages disproportionate to the wrong [would] afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case." *Id.* This proposition is cited with approval (albeit parenthetically) in *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). However, *Cracco* seems to contradict *Sims* when it states that "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause *for the default*; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Id.* (emphasis added). However, *Cracco* emphasizes the fact that this test is "more liberally applied in the Rule 55(c) context" than if a judgment had been entered, consistent with the "policy of favoring trial on the merits over default judgment." *Id.* at 631. Therefore, in that case a party that "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence" and responded to the entry of default within eight days satisfied the first two prongs of the test. *Id.*

Under either standard, as the Court already has alluded to, the "good cause" required by Rule 55(c) is not intended to be difficult to demonstrate and is not synonymous with the excusable neglect standard applied in other contexts. The Plaintiffs are absolutely correct that none of the excuses given by the Defendants in this case–including counsel's surgery in January and subsequent recovery period and the burden of work for other clients–-would satisfy the excusable neglect standard that is applicable in other contexts. However, that does not mean that Rule 55(c)'s good cause standard is not satisfied. The Plaintiffs' strongest argument that default is appropriate is that defense counsel made a "poor strategic decision" not to file an answer to the amended complaint because she believed that the Defendants had not been properly served and therefore she acted willfully rather than merely negligently. While defense counsel strenuously denies that she told Plaintiffs' counsel that the Defendants would not be filing an

5

answer because they had not been served–and accuses Plaintiffs' counsel of misconduct for representing that she did–the fact is that even in her response to the instant motion, defense counsel notes that "Counsel and her clients did not believe that they had been properly served with the Amended Complaint and Summons. The issue of proper service has not been laid to rest." Response at 11. Thus, while defense counsel's position might not have been as straightforward as Plaintiffs' counsel remembers it, Plaintiffs' counsel's representation clearly was not without some factual basis. That said, however, the Court determines that even if defense counsel's failure to file a timely answer was based on her erroneous belief that service had not been effected, the fact remains that she quickly abandoned that position, responded to the motion for default judgment, and sought leave to file an answer, all of which demonstrates that the Defendants did not willfully refuse to participate in this litigation, but rather blew the deadline to file their answer due to the negligence of their counsel. Further, their proposed answer[6] articulates numerous defenses (and counterclaims) and sets forth the factual basis for the Defendants' position, thus satisfying the third prong of the *Cracco* test.[7] Therefore–and again emphasizing that deciding cases by default is disfavored–the Court determines that the most appropriate course of action is to permit this case to proceed on the merits.

---

[6] The Court notes that the Defendants improperly docketed their proposed amended answer separately from their Response to the motion; it should have been docketed as an exhibit to the Response. In fact, pursuant to Local Rule 7.1(a), the motion for leave to file the answer should have been filed separately from the Response. Defense counsel shall review this court's Local Rules to ensure that such violations are avoided in the future.

[7] While the test speaks in terms of a "meritorious" defense, the Court believes that to be a misnomer. *Cracco* makes it clear that the question is not whether the defenses asserted have merit, to the extent that "merit" suggests that they are likely to prevail, but rather simply whether the defendant has "notified the plaintiff and the district court of the nature of [the] defense and provided the factual basis for that defense." The Defendants clearly have done so in this case.

6

*Conclusion*

For the reasons set forth above, the Plaintiffs' motion for default judgment is **DENIED**. The Defendants' Answer is **DEEMED FILED** as of the date of this Entry. To avoid confusion, the Clerk is directed to **STRIKE** Docket No. 45 and refile the Answer on the docket so that the docket entry reflects today's date.

The Court wishes to emphasize once again that the standard for setting aside the entry of default is extremely lenient and that under almost any other circumstance the reasons given by defense counsel for missing her deadline would not have been sufficient to avoid consequences that would not have been in her clients' best interests. The Court therefore expects counsel to ensure that she is aware of all applicable deadlines and that she diligently adheres to them throughout the remainder of this litigation.

SO ORDERED: 10/29/09

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Marilyn A. Cramer
THE CRAMER LAW GROUP, LLC
marilyn.cramer@gmail.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com