UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KEVIN B. McCARTHY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-cv-994-WTL-DML |
| ) | |
| **PATRICIA ANN FULLER, a/k/a SISTER** ) | |
| **JOSEPH THERESE, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ENTRY REGARDING MOTION TO STRIKE AND MOTION TO DISMISS

This cause is before the Court on the Plaintiffs' motion to strike the Defendants' Amended Counterclaim (dkt. no. 66). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. In light of this ruling, the Plaintiffs' motion to dismiss the original counterclaim (dkt. no. 55) is **DENIED AS MOOT**.

On January 19, 2010, the Defendants/Counterclaimants (hereinafter referred to simply as Defendants) filed an amended counterclaim in this cause which asserts several new claims and adds additional counterclaim defendants. The Plaintiffs/Original Counterclaim Defendants (hereinafter referred to simply as Plaintiffs) promptly moved to strike the amended counterclaim, citing four grounds.

First, the Plaintiffs argue that the amended counterclaim–which is 85 pages long and contains 23 counts and 319 paragraphs–does not comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a claim for relief consist of a "short and plain statement." The Plaintiffs' argument ignores entirely the fact that because many of the Defendants' claims involve allegations of fraud, the Defendants were entitled to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) and therefore were required to set out with

particularity the factual basis for those claims.

That said, even a complaint subject to Rule 9(b) can violate Rule 8(a)(2) if, for example, it is "so sprawling as to be essentially incomprehensible." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. ,2003). This complaint is long–longer than it needs to be–and is certainly not a model of clarity. But that is not a sufficient reason to strike it.

> Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case. A district court is not "authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir.2001). But although "[f]at in a complaint can be ignored," *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998), "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis*, 269 F.3d at 820. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.

The Court believes that the amended counterclaim in this case falls firmly into the former category–not ideal, but intelligible enough that it is time to "get on with the case." For the most part, the various counts actually make it quite clear what conduct is being complained of, the exceptions being counts 2, 3, and 4, which seem to allege basically the same thing. This should be easily clarified with contention interrogatories, however, and does not justify striking the amended counterclaim.

The Plaintiffs next argue that the amended counterclaim is subject to being stricken pursuant to Federal Rule of Civil Procedure 12(f), which permits the striking of "any redundant, immaterial, impertinent, or scandalous matter." The Plaintiffs expressly do not endeavor to identify all of the "redundancies, immaterialities, and impertinencies" of the amended counterclaim, but instead provide four examples.

First, the Plaintiffs assert that the amended counterclaim "contain[s] multiple repetitive

and redundant claims for recovery" in that, for example, fraud is cited as a legal basis in 15 different counts, theft and conversion in seven counts, and trademark and copyright infringement in five counts. The fact that the counterclaim asserts multiple fraud (or theft, etc.) counts does not make it redundant, however, as long as each fraud count is based upon different alleged acts by the Plaintiffs. For example, the Defendants allege in one count that the Plaintiffs stole a statue and allege in another that the Plaintiffs stole a crucifix. This complies with Federal Rule of Civil Procedure 10(b)'s suggestion that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count."

The Court need not specifically address the Plaintiffs' three remaining examples of the types of things that should be stricken from the amended counterclaim. Suffice it to say that the Court agrees with the Plaintiffs that there are numerous paragraphs in the amended counterclaim that are unnecessary and that could be stricken as irrelevant, redundant, or both; however, the Court disagrees that such paragraphs are so numerous or that composing an answer to the amended counterclaim as it is would be so onerous that the interests of judicial economy justify striking them.

Next, the Plaintiffs, citing Federal Rule of Civil Procedure 14(a)(1), argue that the Defendants improperly added two additional parties in their amended counterclaim without seeking leave of court. As the Defendants correctly point out, however, Rule 14(a)(1) is inapplicable, because that rule applies to third-party defendants (i.e. "a nonparty who is or may be liable to [the defendant] for all or part of the [plaintiff's] claim against [the defendant]"), and the newly-added parties in the amended counterclaim are counterclaim defendants whose

addition is governed by Federal Rules of Civil Procedure 15(a) and 20(a)(2).[1]

Finally, the Plaintiffs argue that the amended counterclaim should be stricken because it fails to cure "major defects" that the Plaintiffs pointed to in their motion to dismiss the original counterclaim. While the futility of a proposed amendment is justification for denying leave to amend a pleading in circumstances in which leave of court is required, leave of court was not required in this case; rather, the amended counterclaim was properly filed as a matter of right.[2]

---

[1]The Court is a bit baffled by the Plaintiffs' professed confusion in their reply brief with regard to whether the two additional parties were added as third-party defendants or counterclaim defendants. They are clearly denominated in the amended counterclaim as counterclaim defendants, and nothing about the allegations in the amended counterclaim remotely suggests that they are more properly characterized as third-party defendants. The Plaintiffs' argument, raised for the first time in their reply brief, that the new counterclaim defendants were improperly joined in this lawsuit because "Defendants have not provided any facts that demonstrate how their alleged claims against [them] are legitimate or how they relate to Defendants' claims against Plaintiffs," Reply at 10, is properly raised in a motion to dismiss (to the extent the argument is that the allegations, if assumed to be true, fail to raise a plausible claim) or a motion for summary judgment (to the extent that the argument is that the allegations are not "legitimate," i.e., factually supportable).

[2]As the Plaintiffs note, Rule 15(a) was amended effective December 1, 2009. To the extent that the Plaintiffs suggest that the Defendants were not entitled to amend their counterclaim as a matter of right because of the amendment to the rule, they are incorrect. Under the new rule, a pleading may be amended once as a matter of right within 21 days of the date the pleading is served or within 21 days of service of either a responsive pleading or a motion under Rule 12(b)(e) or (f), whichever is earlier. In this case, the original counterclaim was deemed filed on October 29, 2009, and the Plaintiffs moved to dismiss it on November 18, 2009. Because that triggering event occurred prior to the effective date of the amendment to Rule 15, the new rule did not apply. Instead, under the old rule, the Defendants were entitled to amend their counterclaim once as a matter of right as long as a responsive pleading had not been filed. Further, even if the new rule did apply, the fact is that the Plaintiffs consented in writing to the amendment, and a party may amend a pleading any time with the written consent of the opposing party. Also incorrect is the Plaintiffs' suggestion that the filing of the amended counterclaim was somehow "untimely" because it was not filed on or before the Defendants' deadline for responding to the motion to dismiss. *See* Reply in Support of Motion to Dismiss at 2. Again, under the applicable rule there was no deadline for amending a pleading as long as no responsive pleading had been filed.

If the Plaintiffs believe that part or all of the amended counterclaim is subject to dismissal pursuant to Rules 12(b)(6) or 9(b), they should file an appropriately supported motion to dismiss. Before doing so, however, the Plaintiffs should take special care to ensure that their arguments do not challenge the veracity or supportability of the Defendants' claims, in which case they would be more appropriately made in a motion for summary judgment.

For the reasons set forth above, the Plaintiffs' motion to strike the amended counterclaim is **DENIED**. In light of this ruling, the Plaintiffs' motion to dismiss the original counterclaim (dkt. no. 55) is **DENIED AS MOOT**.

SO ORDERED:   06/01/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Marilyn A. Cramer
THE CRAMER LAW GROUP, LLC
marilyn.cramer@gmail.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com