UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. MCCARTHY, ALBERT H. LANGSENKAMP, and BVM FOUNDATION, INC., <br><br> Plaintiff-Counterclaim Defendants, <br><br> v. <br><br> PATRICIA ANN FULLER a/k/a SISTER JOSEPH THERESE, and PAUL M. HARTMAN , <br><br> Defendant-Counterclaimants. <br><br> v. <br><br> LANGSENKAMP FAMILY APOSTOLATE, LARRY YOUNG, STEVEN P. MAZELIN, ALAN R. KERSHAW, and THE SIGMA MICRO CORPORATION, <br><br> Counterclaim Defendants. | Cause No.  1:08-CV-994-WTL-DML |

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b)(2), Plaintiffs Kevin B. McCarthy, Albert H. Langsenkamp and BVM Foundation, Inc. (collectively "Plaintiffs"), respectfully request that the Court take judicial notice of certain authenticated facts, including the fact that Defendant Patricia Ann Fuller ("Fuller") is not a nun, sister or member of any religious institute in the Catholic Church, as set forth in the Declaration signed by Joseph W. Tobin, Archbishop Secretary of the Congregation for Institutes of Consecrated Life and Societies of Apostolic Life ("Congregation").  In support of their request for judicial notice, Plaintiffs state:

      1.      Judicial notice of the Declaration, and the facts stated therein, is appropriate under Federal Rule of Evidence 201(b)(2).  "A judicially noticed fact must be one not subject

to dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see United States v. Mendell*, 447 F.2d 639, 641 (7th Cir. 1971) (courts take judicial notice of "matters which are either so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority"). A court must take judicial notice "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

2.     In a letter dated July 22, 2010, addressed to S. Em. Franc Cardinal Rodé, Prefect of the Congregation, Kevin B. McCarthy ("McCarthy") requested that the Congregation authenticate and verify that documents attached to the letter were true and accurate copies of documents from the records of the Congregation.  (***Exhibit A to McCarthy Affidavit, which is attached hereto as Exhibit 1***.)

3.     The Congregation responded by letter dated September 15, 2010 from Fr. Sebastiano Paciolla, O. Cist., Undersecretary, stating that the enclosed copies of documents submitted by McCarthy corresponded to documents held in the files of the Congregation. Attached to the letter was a copy of each document with the seal of the Congregation affixed to it and a second separate seal of the Congregation affixed to each document and signed by Sr. Enrica Rosanna, F.M.A., Undersecretary, who certified that each of the enclosed documents were copies of the originals found in the records of the Congregation.  (***Exhibit B to McCarthy Affidavit***.)

4.     In a letter dated April 11, 2011, McCarthy requested that the Congregation address a claim by Fuller that she was still a consecrated religious within the Catholic Church by virtue of "private vows."  (***Exhibit D to McCarthy Affidavit***.)

- 3 -

5. In a letter dated June 27, 2011, the Congregation sent a Declaration signed by Joseph W. Tobin, C. Ss. R., Archbishop Secretary of the Congregation and Fr. Sebastiano Paciolla, O. Cist., Undersecretary of the Congregation, under the embossed seal of the Congregation, addressing the status of Fuller within the Catholic Church. (***Exhibit G to McCarthy Affidavit***.)

6. The documents provided by the Congregation (Ex. B and G), indisputably establish the following facts:

- Fuller was a member of the Contemplative Community of the Sisters of the Congregation of the Precious Blood. (Ex. G, pg. 1.)

- In 1977, the Superior General and Council of the Sisters of the Congregation of the Precious Blood decided to close the Contemplative Community. At that time the Sisters who were members of that Community sought to form a separate Community. (*Id.*)

- In a letter, dated October 28, 1978, the remaining members of the Contemplative Community were informed that their request to form a separate Community was denied by the Congregation. (*Id.*)

- Fuller claims that she professed private vows on February 11, 1979, but at that time she would have still been bound by her public vows within the Congregation of the Sisters of the Precious Blood, thereby making her alleged private vows invalid. (*Id.*)

- On August 11, 1982, a Decree of Dismissal from the Congregation of the Sisters of the Precious Blood was confirmed by the Congregation. By virtue

- of that Decree, Fuller ceased to be a member of the Sisters of the Congregation of the Precious Blood. (*Id.*, pg. 2.)

- Fuller is not a member of any religious institute formally recognized by the Catholic Church and, therefore, must not present herself as a Sister of the Roman Catholic Church. (*Id.*)

7. The Catholic Church's decision cannot be one subject to dispute. *See Serbian Eastern Orthodox Diocese for the United States of America and Canada v. Milivojevich*, 96 S. Ct. 2372 (1976) (proclaiming that civil courts must accept the decisions of religious organizations as binding on them); *see also Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036 (7th Cir. 2006) (recognizing that federal courts are secular agencies and do not exercise jurisdiction over the internal affairs of religious organizations).

8. The documents provided by the Congregation are presumed to be authentic under the reply-letter doctrine, as they were sent in response to letters to the Congregation from McCarthy. *U.S. v. Weinstein*, 762 F.2d 1522, 1533 (11th Cir. 1985) ("letters and presumably telegrams are prima facie authentic if their content is responsive to prior properly admitted communications"); *Winel v. U.S.*, 365 F.2d 646, 648 (6th Cir. 1966) ("It has long been recognized that one of the principal situations where the authenticity of a letter is provable by circumstantial evidence arising out of the letter's context, other than proof of handwriting or the business records exception, is where it can be shown that the letter was sent in reply to a previous communication"); *Bradley Freight Lines, Inc. v. Pope, Flynn & Co., Inc.*, 256 S.E.2d 522, 526 (N.C. App., 1979) ("A letter, received in due course which purports to be in response to a letter previously sent by the receiver, is Prima facie genuine and is admissible in evidence without other proof of its authenticity").

- 5 -

9.     Because the Declaration and authenticated documents satisfy the requirements under Federal Rule of Evidence Rule 201(b)(2), Plaintiffs request that the Court take judicial notice of the following facts:

a.     Fuller is not currently a member of any religious institute formally recognized by the Catholic Church and has not been since her dismissal from the Congregation of the Sisters of the Precious Blood on August 11, 1982. (Ex. G, pg. 3; Ex. B, pg. 2, 3 (CPPS 0090), 5 (CPPS 0079), 20 and 21.)

b.     Fuller must not present herself as a Sister of the Roman Catholic Church. (Ex. G, pg. 3.)

c.     By letter dated October 28, 1978, the Congregation denied the request by the Contemplative Community of the Sisters of the Precious Blood, which included Fuller, for separation from the Congregation of the Sisters of the Precious Blood. (Ex. G, pg. 2; Ex. B, pg. 17 (CPS-0289) and 20.)

d.     Any private vows professed by Fuller are invalid and do not make her a member of any religious institute formerly recognized by the Catholic Church. (Ex. G, pg. 2-3.)

WHEREFORE, Plaintiffs respectfully request that the Court take judicial notice of the above listed facts.

                              Respectfully submitted,

                              s/Bradley M. Stohry
                              Michael J. Lewinski
                              Bradley M. Stohry
                              Christina L. Fugate
                              ICE MILLER LLP
                              One American Square, Suite 2900
                              Indianapolis, IN  46282
                              (317) 236-2100
                              Michael.Lewinski@icemiller.com
                              Bradley.Stohry@icemiller.com
                              Christina.Fugate@icemiller.com

                              Michael A. Swift
                              Maginot, Moore & Beck, LLP
                              111 Monument Circle, Suite 3250
                              Chase Tower
                              Indianapolis, IN 46204
                              (317) 638-2922
                              maswift@maginot.com

                              Attorneys for Plaintiffs Kevin B. McCarthy, Albert H. Langsenkamp, BVM Foundation and Counterclaim Defendants Langsenkamp Family Apostolate and Sigma Micro Corporation

## CERTIFICATE OF SERVICE

  I hereby certify that on the 23rd day of July, 2011, a copy of the foregoing PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    Ms. Marilyn A. Cramer
    The Cramer Law Group, LLC
    marilyn.cramer@gmail.com


              s/Bradley M. Stohry
              Bradley M. Stohry

I/2644180.2