UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. MCCARTHY, et al., ) | |
| ) | |
| Plaintiffs-Counterclaim Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| PATRICIA ANN FULLER, et al., a ) | Case No. 1:08-CV-994-WTL-DML |
| Defendants-Counterclaimants, ) | |
| ) | |
| v. ) | |
| ) | |
| LANGSENKAMP FAMILY ) | |
| APOSTOLATE, et al., ) | |
| Counterclaim Defendants. ) | |

## Entry on Plaintiffs' Motion to Compel Discovery

This matter came before the court on the motion to compel discovery (Dkt. 164) filed by plaintiffs BVM Foundation, Inc., Kevin B. McCarthy, and Albert H. Langsenkamp. That motion seeks an order compelling defendant and counterclaimant Sister Mary Joseph Therese, CIT, nee Patricia Ann Fuller ("Ms. Fuller") to provide more complete responses to certain interrogatories served by each of the plaintiffs. The court held a discovery conference with the parties on September 20, 2011, regarding the parties' arguments in their briefing, during which the court issued rulings on certain aspects of the motion to compel and directed the parties to confer further on other matters.

The court conducted the discovery conference because its review of the parties' briefing on the motion to compel revealed that the parties had reached agreements regarding the extent to which Ms. Fuller must supplement her discovery responses, yet neither party directly addressed whether, and to what extent, Ms. Fuller's supplemental responses complied with the agreements. Instead, the plaintiffs' motion sought to start at square one, as if the parties had not negotiated

their differences, and Ms. Fuller's opposition did not provide the court with arguments specifically addressing how or why she believed she had complied with the parties' agreements.

This entry memorializes the court's rulings made during the discovery conference, and the court's directives to the parties for resolving any remaining disputes. In sum, the plaintiffs' motion to compel is GRANTED IN PART, and DENIED IN PART (without prejudice), as further explained in this entry.

BVM Foundation's Interrogatories to Ms. Fuller

1. Ms. Fuller must supplement her responses to subparts (c) and (d) of Interrogatory 5, and state how the representation of the Virgin Mary was being used as a trademark in 1960, and the identity of the person who was using the representation of the Virgin Mary as a trademark in 1960. The court notes that Ms. Fuller's prior responses to these subparts did not reference the use of the trademark and by whom in 1960, and particularly since February 2, 1960, as referenced in the trademark application.

2. Ms. Fuller must supplement her response to Interrogatory 6, and respond as "to what is known to her" regarding instances of actual confusion, mistake, or deception. The court notes that Ms. Fuller's prior response states, in part, that she "has received a number of reports from individuals who were misled. . .," but does not further elaborate regarding these reports. She must be more specific to the extent she knows of more specific information.

3. Ms. Fuller must supplement her response to Interrogatory 7, and provide a complete answer that specifically identifies other challenges to others' uses of the phrase OUR LADY OF AMERICA or the representation of the Virgin Mary, as requested in the interrogatory. The court notes that Ms. Fuller's prior response states, in part, that "[m]ost parties (no fewer than six entities), have voluntarily complied with demands to cease and desist, while a

select few have . . . not."  Ms. Fuller must identify the persons or entities who voluntarily complied with demands, and for those persons or entities and the "few" who did not comply with demands, describe the designation used by them and related goods and services, describe the action taken by Ms. Fuller, and the results of the action.

   4. Ms. Fuller must supplement her response to Interrogatory 15 by confirming that she is not asserting that the Diary contains the concept that the statue Our Lady of America is to be created by an American artist and in the United States.  If this concept is located in some other writing, Ms. Fuller must identify the writing.

   5. Ms. Fuller must supplement her response to Interrogatory 16 by identifying all persons (with name and address) of which she is aware who received a copy of the Diary prior to the death of Archbishop Liebold.

Kevin McCarthy's Interrogatories to Ms. Fuller

   1. Ms. Fuller must supplement her response to Interrogatory 6, regarding the RICO enterprise at the heart of her RICO claims.  Her current response is insufficient; it essentially provides that all of the alleged unlawful conduct performed by anyone that performed it defines the enterprise.  An enterprise that can be defined only by reference to the alleged predicate unlawful conduct is not an enterprise at all.  *See Crichton v. Golden Rule Ins. Co.,* 576 F.3d 392, 400 (7th Cir. 2009) (internal quotations and citations omitted) ("A RICO enterprise is more than a combination of persons who commit alleged predicate acts of racketeering;  there must be an organization with a structure and goals separate from the predicate acts themselves.").  The plaintiffs are entitled to a description of the factual basis for Ms. Fuller's claims that an "enterprise"—as defined under RICO—exists, and identification (by Bates number) of the documents that tend to establish the existence of an enterprise.  Ms. Fuller must also identify

each member of the enterprise and describe his or its role in the enterprise. If she is unable or unwilling to set forth her RICO contentions in detail and with reference to the essential elements of a RICO claim, then she should dismiss the RICO claims.

2. Ms. Fuller must respond to Interrogatory 8 that concerns whether the defendants or anyone on their behalves made a report to law enforcement authorities about criminal conduct allegedly engaged in by Mr. McCarthy and/or Mr. Langsenkamp.

Albert Langsenkamp's Interrogatories to Ms. Fuller

1. Mr. Langsenkamp's interrogatories—numbers 1 through 21—seek wide-ranging information about facts, witnesses, theories, and documents related to every sentence in every paragraph of every count of Ms. Fuller's Amended Counterclaims. The parties disagreed about the extent to which the discovery requests were appropriate and eventually had a meeting regarding their differences. The agreements reached at the meeting were memorialized by the plaintiffs' counsel in a chart form (*see* Dkt. 165-12). Surprisingly, the parties' briefing on the plaintiffs' motion to compel did not directly address their positions on whether and to what extent Ms. Fuller's supplemental responses to the interrogatories complied with the agreements. And for 19 of the 21 interrogatories, the agreement is described as "Defendant to respond to modified interrogatory. Response to include categories of documents with some specific examples." The parties' briefing is silent on the meaning of these sentences for any of the interrogatories.

2. Except for rulings on seven of the Langsenkamp interrogatories (discussed below), the court directs the parties to further meet and confer in good faith concerning whether Ms. Fuller's answers to the remaining interrogatories appropriately supply the information responsive to the "modified interrogatory" and refer to "categories of documents with some

specific examples." Any disagreements between the parties remaining after their further efforts to meet and confer must be presented to the court by a joint motion for a discovery conference that very briefly outlines the remaining issues. The court intends to enforce the parties' agreements—with the additional caveat that the parties must take into account the wide-ranging information about facts, witnesses, theories, and documents that Ms. Fuller has already supplied regarding her counterclaims. The parties are also directed to take into account the magistrate judge's general guidance provided at the discovery conference regarding contention interrogatories.

   3.  The motion to compel with respect to Interrogatories 1 and 2 is DENIED. The chart (Dkt. 165-12) indicates that the parties agreed that no further response was necessary.

   4.  Interrogatories 14 and 21 seek essentially identical information regarding Ms. Fuller's defamation claims. Ms. Fuller must disclose each statement she alleges to have been defamatory, the maker(s) of the statement, the date(s) the statement was made, the place where the statement was made or manner of its publication (in a writing, or orally, or on a website), and for each statement, identify the evidence that the statement was made by either Mr. McCarthy or Mr. Langsenkamp. The court recognizes that Ms. Fuller has provided a substantial amount of detail regarding her defamation claims, but she has refused to be pinned down to disclose *each* statement that is the subject of her lawsuit and has not provided the particulars—maker, date, manner of publication—for each statement. This case is set for trial in April 2012, and it is time that Ms. Fuller specifically identify *each* defamatory statement and who made it, when, and its manner of publication. Although recitation of every specific defamatory statement, and the who, what, and when of its making, may not always be required to state a defamation claim under federal *pleading* standards, see *Farr v. St. Francis Hosp. & Health Ctrs.,* 2007 WL 2793396 at

*4 (S.D. Ind. Sept. 26, 2007), a defendant is entitled to this information in discovery to prepare his defense for trial. Indeed, under Indiana pleading standards, these specifics are required to be contained in the complaint. *See Trail v. Boys & Girls Clubs,* 845 N.E.2d 130, 137 (Ind. 2006) (parties and the court are handicapped if the statements that are the subject of the defamation claim are not disclosed; without them, the court "cannot actually determine if the statement is legally defamatory . . . [and] [t]he defendant is placed on an unfair footing since the absence of the statement denies her the opportunity to prepare appropriate defenses.").

5. Interrogatories 18, 19, and 20 are directed to Ms. Fuller's three RICO claims. Ms. Fuller's supplemental responses to these interrogatories—which do nothing more than repeat the allegations of the amended counterclaims and state essentially that her RICO claims embody every act by every person described in the counterclaims—are deficient. Further, her answers to numbers 18, 29, and 20 are identical, yet she asserts three separate RICO claims in three different counts of her amended counterclaims. Ms. Fuller must provide specific detail of the facts that support each separate RICO claim and the legal elements of that claim, or be prepared to dismiss these claims.

## Conclusion

As provided in this entry, the plaintiffs' motion to compel (Dkt. 164) is GRANTED IN PART, and DENIED IN PART without prejudice. Ms. Fuller's supplemental responses, as directed by the court in this entry, shall be served on the plaintiffs by October 5, 2011.

So ORDERED.

Date: \_\_09/22/2011_____

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Marilyn A. Cramer
THE CRAMER LAW GROUP, LLC
marilyn.cramer@gmail.com

Christina Laun Fugate
ICE MILLER LLP
christina.fugate@icemiller.com

Michael Joseph Lewinski
ICE MILLER LLP
michael.lewinski@icemiller.com

Jason A. McNiel
ICE MILLER LLP
jason.mcniel@icemiller.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

LARRY YOUNG
P.O. Box 996
Lake Zurich, IL 60047