UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEVIN B. MCCARTHY, et al., )
)
    Plaintiffs-Counterclaim Defendants, )
)
v. )
)
PATRICIA ANN FULLER, et al., a )   Case No. 1:08-CV-994-WTL-DML
    Defendants-Counterclaimants, )
)
v. )
)
LANGSENKAMP FAMILY )
APOSTOLATE, et al., )
    Counterclaim Defendants. )

## Order on Pending Motions

The most recent series of motions in this case began with McCarthy's[1] "Notice" of Fuller's asserted noncompliance with a discovery order, coupled with his request for "appropriate action" by the court. (Dkt. 187) That was followed by Fuller's motion to "correct" alleged misstatements in McCarthy's Notice, along with a request to sanction McCarthy for making them. (Dkt. 188) McCarthy has also now filed a reply in support of his notice/request and in opposition to Fuller's motion for sanctions. Local Rule 7.1 may technically contemplate another brief, but the court has already seen more than enough.

On September 22, 2011, the court ordered Fuller to supplement certain of her discovery responses—primarily to provide more detailed information behind her defamation and RICO

---

[1] Unless otherwise specified, the court will refer to the plaintiffs collectively in this order as "McCarthy" and the defendants/counterclaimants collectively as "Fuller." As to the latter denomination, the court intends no disrespect for the chosen name of Sister Mary Joseph Therese but simply uses the name in the caption of this case.

allegations.[2] McCarthy's Notice focuses on four alleged offenses by Fuller and her counsel: (1) serving the supplemental discovery responses a few days late;[3] (2) failing to verify the supplemental responses; (3) failing to serve the responses on one of the two law firms representing McCarthy; and (4) including "impertinent and scandalous matters" in the responses.

It's not clear whether Fuller's counsel served the supplemental responses a few days late. She insists she didn't. In any event, McCarthy does not explain how he's been prejudiced, nor has he requested the sort of simple relief that would cure such prejudice. McCarthy also has not convinced this court that Fed.R.Civ.P. 5 requires service on every lawyer who has appeared on behalf of a party. He is correct that Fuller should have verified her supplemental interrogatory answers, and she apparently has now done so. Fuller's supplemental discovery responses do include argumentative prefaces to the responses, and although those commentaries are not appropriate, they are easily distinguished from the responses themselves and do not warrant the striking of the responses.

McCarthy's filings demonstrate that he or his counsel have spent significant time investigating postal procedures (to determine when Fuller's counsel placed discovery responses in the mail), pondering the meaning of the word "you" (to try to catch Fuller's counsel in an inconsistency about how she interprets Rule 5), and cataloguing the insults leveled by Fuller's counsel. Fuller's counsel has done no better. Rather than responding to the Notice with straightforward assertions of fact or law, she has filed a lengthy brief consisting in large part of venom and accusations. Moreover, she at least in part provoked this round of filings by

---

[2] *See* Dkt. 179. The court denied, however, several other components of McCarthy's motion to compel.

[3] McCarthy, pointing out inconsistencies between the certificate of service and other indicia of mailing, actually maintains that Fuller *may* have served them late.

including inappropriate and inflammatory comments along with what should have been routine discovery responses.

McCarthy's Notice acknowledges that it raises no substantive deficiency in Fuller's supplemental discovery responses, though McCarthy says he "reserve[s] the right" to complain about the substance of the responses later if the court doesn't strike them. (Dkt. 187 at n.3) That acknowledgement reveals much about what has gone wrong in the conduct of this litigation: Counsel for both sides[4] have back-burnered the basic legal and factual issues to be decided and have instead overwhelmed themselves and the court with skirmishes that do not advance the just, speedy, and inexpensive determination of this case. *See* Fed.R.Civ.P. 1.

McCarthy's most recent brief invites the court to "take whatever action it deems appropriate to attempt to prevent further incivility." (Dkt. 189 at 10) Civility is the responsibility of the lawyers, and they must prevent further incivility. The court will, however, make one order it deems appropriate in this case to advance that cause. Counsel are ORDERED from this point forward not to use any of the following words (in any form) in any filing or correspondence with one another when referring to counsel, the parties, or their conduct (unless in connection with the conduct alleged in the pleadings). The magistrate judge will recommend to the district judge entry of a sanction against counsel of $100 per use of any of these words:

| | | |
|---|---|---|
| absurd | impertinent | rude |
| audacity | ludicrous | scandalous |
| blatant | nonsensical | scurrilous |
| collusion | offensive | sham |
| "desk attorneys" | outlandish | unconscionable |
| egregious | outrageous | unethical |
| foolish | phony | unprofessional |
| frivolous | ploy | vexatious |

---

[4] This judge normally avoids directing comments in her orders to counsel rather than to the parties themselves, but the filings in this case dictate a different approach.

These words are all taken from the parties' recent filings. The court does not suggest that these words should never be used to describe a party's position or argument. But they should be used sparingly, with deliberation, and not in reference to counsel or clients. In this case, they have been used repeatedly, reflexively, and indiscriminately. They have produced a discourse that obscures rather than illuminates consideration of the merits.

The magistrate judge again strongly urges counsel for both sides to strive for professional distance and judgment—a quality just as critical to advancing their clients' respective interests as zealous advocacy.

All requests for relief included in McCarthy's Notice (Dkt. 187) and Fuller's motion (Dkt. 188) not specifically addressed in this order are DENIED.

So ORDERED.

Date: 11/09/2011

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Marilyn A. Cramer
THE CRAMER LAW GROUP, LLC
marilyn.cramer@gmail.com

Christina Laun Fugate
ICE MILLER LLP
christina.fugate@icemiller.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com

Michael Joseph Lewinski
ICE MILLER LLP
michael.lewinski@icemiller.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

Jason A. McNiel
ICE MILLER LLP
jason.mcniel@icemiller.com

LARRY YOUNG
P.O. Box 996
Lake Zurich, IL 60047