UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KEVIN B. McCARTHY, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:08-cv-994-WTL-DML |
| ) | |
| **PATRICIA ANN FULLER, a/k/a SISTER** ) | |
| **JOSEPH THERESE, et al.,** ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

This cause is before the Court on the Plaintiffs' Request for Judicial Notice (dkt. no. 151) and a related motion to strike (dkt. no. 161). Both motions are ripe for review and the Court, being duly advised, **DENIES** the Request for Judicial Notice and **DENIES AS MOOT** the motion to strike for the reasons set forth below.

In their Request for Judicial Notice, the Plaintiffs ask the Court to take judicial notice of "certain authenticated facts, including the fact that Defendant Patricia Ann Fuller ("Fuller") is not a nun, sister or member of any religious institute in the Catholic Church." The Plaintiffs have obtained a declaration (hereinafter referred to as "the Declaration") to that effect from Joseph W. Tobin, who is the Archbishop Secretary of the Congregation for Institutes of Consecrated Life and Societies of Apostolic Life ("the Congregation"). The Plaintiffs argue that, given the Declaration, judicial notice regarding the issue of whether Fuller is a Catholic nun is appropriate pursuant to Federal Rule of Evidence 201(b)(2), which provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

With all due respect to Archbishop Tobin, the Court does not believe that judicial notice is appropriate in this instance. While the Plaintiffs argue that "[t]he Catholic Church's decision cannot be one subject to dispute," the fact is that the Plaintiffs have not demonstrated that the Catholic Church has made a "decision" regarding Fuller's status. Indeed, the Plaintiffs have not demonstrated that Archbishop Tobin or the Congregation has the authority to make any such "decision," or even that Archbishop Tobin has the authority to speak on behalf of the Congregation. In fact, in their initial Request the Plaintiffs give the Court no information at all regarding what the Congregation is or what Archbishop Tobin's role is within the Congregation.

Presumably recognizing this fatal omission, in their reply brief the Plaintiffs do address the issue of the Congregation's authority, stating:

> It cannot be credibly disputed that the Congregation for Institutes of Consecrated Life and Societies of Apostolic Life ("Congregation") is the entity within the Catholic Church which has the charge of determining the status of religious within the Catholic Church [footnote omitted]. Specifically, as set forth on the Vatican's webpage, "The Congregation is responsible for everything which concerns institutes of consecrated life (orders and religious congregations, both of men and of women, secular institutes) and societies of apostolic life regarding their government, discipline, studies, goods, rights, and privileges." *Id.* In view of the Congregation's authority in the Church, Fuller cannot credibly claim that the Congregation does not have the authority or capacity to make a definitive statement regarding her religious status.

Plaintiffs' Reply at 3. The only citation the Plaintiffs give for this "indisputable" assertion is a page on the Vatican's website, and while that page does, in fact, contain the quoted language, that, alone, does not demonstrate that the Congregation has the authority to determine whether someone is a Catholic nun. It certainly does not explain the process by which the Congregation would make such a determination and demonstrate that the applicable process was followed with regard to the Declaration. In other words, the Plaintiffs have failed to connect the necessary dots

2

to demonstrate that judicial notice of the facts asserted within the Declaration would be appropriate.[1]

The Court may take judicial notice of facts that can be "accurately and readily determined." The Plaintiffs simply have not demonstrated that whether Fuller is a Catholic nun is such a fact. It may well be that the Congregation is the ultimate authority on such issues, that the Congregation has made an official determination regarding Fuller, and that Archbishop Tobin has the authority to speak for the Congregation. The Court simply does not know that to be the case based on the record before it, and therefore the Plaintiffs' Request to Take Judicial Notice must be, and is, **DENIED**.

The Plaintiffs also have filed a motion to strike many of the exhibits attached to the Defendants' response to the Request to Take Judicial Notice. Because the Plaintiffs failed to satisfy their burden of demonstrating that judicial notice would be appropriate, it was not necessary for the Court to consider the Defendants' response or the exhibits attached thereto. Accordingly, the Court has not done so. The motion to strike is therefore **DENIED AS MOOT**.

SO ORDERED: 03/12/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] The Plaintiffs similarly have failed to demonstrate Archbishop Tobin's authority to speak for the Congregation. As support for their statement that "Fuller also cannot credibly claim that Archbishop Joseph W. Tobin was not competent to sign" the Declaration, the Plaintiffs point to three things: (1) the fact that "Archbishop Tobin is the Archbishop-Secretary of the Congregation"; (2) a letter from the Congregation in which Undersecretary P. Sebastiano Paciolla, O. Cist., refers to the Declaration; and (3) an article from the Catholic News Service that refers to Archbishop Tobin. None of these things demonstrate the scope of Archbishop Tobin's authority.

3

Distribution list attached


**Copy by United States Mail to:**

**Larry Young**
**P.O. Box 996**
**Lake Zurich, IL 60047**

Copies to all counsel of record via electronic notification