UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN B. MCCARTHY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-994-WTL-DML |
| | ) | |
| PATRICIA ANN FULLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Order on *Amicus* and *Pro Hac Vice* Motions
### (Dkt. Nos. 215, 216, 218)

Two non-parties, the Thomas More Law Center ("Law Center") and The Most Reverend Thomas John Paprocki, Catholic Bishop of Spingfield-in-Illinois Diocese ("Bishop Paprocki"), have requested leave to file *amicus curiae* briefs in support of the plaintiffs' efforts to obtain a stay of this case.[1]  Attorney Erin Mersino of the Law Center also requests *pro hac vice* admission in connection with the Law Center's *amicus curiae* motion, although she identifies herself in her motion for admission as co-counsel for plaintiff Albert Langenskamp.  Bishop Paprocki is also an attorney, and he seeks to appear *pro hac vice*[2] as well as *amicus curiae*.

The Federal Rules of Civil Procedure do not address participation of *amicus curiae* at the trial court level, and based on this court's review, such participation is uncommon.  The court will entertain these requests on their merits despite the absence of a rule explicitly governing the

---

[1] The Law Center also wants to provide support for the plaintiffs' motion requesting the court to take judicial notice of the matters in a declaration the plaintiffs have submitted.  To that extent, its *amicus curiae* request is moot because the court has denied the plaintiffs' motion.  *See* Dkt. 268.

[2] He later, however, informed the court that he seeks to appear *pro se* as an *amicus curiae*. *See* Dkt. 220.

requests, and in doing so will employ the principles used in evaluating motions brought under Federal Rule of Appellate Procedure 29.

The most important of those principles is that the court has broad discretion in deciding whether to permit *amicus curiae* participation in a case—or as the Seventh Circuit has put it, allowing the filing of an *amicus curiae* brief is a matter of "'judicial grace.'" *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (quoting *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).

The reasons militating against permission to file *amicus* briefs, irrespective of any considerations applicable to these two particular requests, are compelling. First, *amicus* briefs pose a significant additional burden on the court and likely on the opposing party, who often deems it necessary to respond to the arguments the briefs have advanced. Second, more often than not, *amicus* participation is not truly for the benefit of the court, but rather to bolster the advocacy of a party and provide that party additional briefing to which it would not be entitled under the applicable rules of the court. Third, *amicus* practice tends to drive up the costs of litigation. *See, e.g., Voices for Choices*, 339 F.3d at 544.

The court finds all of those reasons applicable to the *amicus curiae* requests of the Law Center and Bishop Paprocki. But there are some additional, more particularized reasons that also lead the court to exercise its discretion not to permit the proposed *amici* to participate in this case. The Law Center's proposed brief is a generalized essay regarding its positions on the Establishment and Free Exercise clauses of the First Amendment and on the deference the government should accord to the Church and its ecclesiastical decisions. The brief contains no articulation of the relevance of these general arguments to any of the specific claims or defenses in this case. And though Bishop Paprocki's proposed brief appears to be less "canned," it suffers

the same infirmity. This court has repeatedly had to remind the parties to focus on the issues framed by the pleadings and has admonished them about straying far afield. Granting these *amicus curiae* requests would be a step in the wrong direction.

Two additional observations support the court's conclusion with respect to Bishop Paprocki's request. First, Bishop Paprocki cites his "unique position" as a secular lawyer, canon lawyer, bishop, and, on occasion, ecclesiastical judge. (*See* Dkt. 218 at 3.) He goes on to explain that he can aid the court by providing facts, insights, and explanations. *Id.* But that description suggests the type of contribution a fact or expert witness would offer, and witnesses must be subject to discovery. Bishop Paprocki acknowledges that he "has had both confidential religious congregant-minister and confidential attorney-client communications with the plaintiffs in this matter." *Id*. at 2. So neither the court nor the defendants would be in a position to explore all the bases, assumptions, and motivations underlying the facts, insights, and explanations he seeks to offer. Second, the tenor of Bishop Paprocki's reply brief in support of his *amicus curiae* request (Dkt. 259) causes the court to worry that his participation would serve to increase only the heat and not the light in this case. *See Animal Protection Institute v. Martin*, 2007 WL 647567, at *2 (D. Maine Feb. 23, 2007).

## Conclusion

The Thomas More Law Center's Motion for Leave to File *Amicus Curiae* Brief (Dkt. 216) is DENIED, and the accompanying motion for admission *pro hac vice* (Dkt. 215) is DENIED AS MOOT. Bishop Thomas John Paprocki's Petition for Leave to Appear *Pro Hac Vice* and Motion for Leave to File as *Amicus Curiae* (Dkt. 218) is DENIED. The Clerk of the Court is directed to return to Ms. Merino her *pro hac vice* filing fee. (It appears that Bishop Paprocki did not pay the fee, but if he did, it is to be returned as well.) In addition, the

3

appearance of Diamond Hirschauer (Dkt. 214), though denominated an appearance as co-counsel for a party, is in substance an appearance for the Law Center.  Her appearance is therefore STRICKEN.  If the court has misapprehended the nature of Ms. Hirschauer's appearance, she may file an appearance clarifying her role.

    So ORDERED.

Date: __03/29/2012__

        Debra McVicker Lynch
        United States Magistrate Judge
        Southern District of Indiana

Distribution:

Marilyn A. Cramer
THE CRAMER LAW GROUP, LLC
marilyn.cramer@gmail.com

Christina Laun Fugate
ICE MILLER LLP
christina.fugate@icemiller.com

Michael Joseph Lewinski
ICE MILLER LLP
michael.lewinski@icemiller.com

Jason A. McNiel
ICE MILLER LLP
jason.mcniel@icemiller.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

LARRY YOUNG
P.O. Box 996
Lake Zurich, IL 60047