UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. McCARTHY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-cv-994-WTL-DML |
| ) | |
| PATRICIA ANN FULLER, a/k/a SISTER ) | |
| JOSEPH THERESE, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY REGARDING THE DEPOSITION OF ALAN KERSHAW

Pursuant to the case management plan in this case, the Plaintiffs have filed their designations of those portions of the deposition of Alan Kershaw that they wish to use at trial. The Defendants have filed their objection to the use of the deposition;[1] the Plaintiffs have responded to the objection; and the Defendants have filed a reply in support of their objection.[2] The Court, being duly advised, now **SUSTAINS** the Defendants' objection for the reasons set forth below.

Kershaw's deposition was taken in Italy before court reporter James Connor. The Defendants argue that the oath administered by Connor failed to satisfy the requirement of

---

[1] The Defendants objection is based on several grounds. The Court finds one–the validity of the oath administered to Kershaw –to be dispositive and therefore does not address the other grounds.

[2] In what has become a pattern in this case, the Defendants' objection was filed late. However, in this instance the delay of approximately six hours–the deadline was midnight on April 27th and the document was filed at 6:08 a.m. on April 28th–had no practical effect whatsoever, and therefore the Court has considered the late response. Further, with regard to the issue that the Court finds dispositive, the Defendants first raised the issue in a March 20, 2010, filing; therefore, the Plaintiffs have been on notice for over two years that the validity of the oath administered to Kershaw at his deposition would be an issue.

Federal Rule of Civil Procedure 30(b)(5), which provides "Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Federal Rule of Civil Procedure 28 provides, in turn, that a deposition may be taken in a foreign country "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination." The question, then, is whether Connor is such a person.

The Plaintiffs assert the following facts in support of their argument that Connor satisfies the requirements of Rule 28: (1) Connor has been a court reporter for over 30 years; (2) Connor is a certified Registered Professional Reporter, a Certified Realtime Reporter, and a Certified Shorthand Reporter; (3) Connor is authorized to administer oaths in both state and federal cases, including cases pending in Indiana State Courts and Federal Courts sitting in Indiana; (4) Connor has provided court reporting services for thousands of depositions in both state and federal cases, including depositions held in foreign countries, such as Japan, Belgium, Italy, and Canada, where the case was pending in an Indiana court; and (5) prior to this case, no one has ever challenged Connor's authority to administer oaths in any deposition, including foreign depositions. Plaintiffs Response at 7. However, none of these facts demonstrate that Connor is "authorized to administer oaths by federal law" or by the law of Italy. The Plaintiffs point to no provision of federal or Italian law that authorizes a court reporter to administer oaths solely by virtue of the fact that he is a court reporter. While the Plaintiffs do not say, the Court presumes that Connor's authority "to administer oaths in both state and federal cases" pending in Indiana arises out of the fact that he is a "notary under the laws of Indiana." Connor Affidavit at ¶ 3. As such, he is authorized to "act throughout Indiana," Ind. Code 33-42-2-1(b), and therefore he has the authority to administer oaths "by the law in the place of examination" when that place is

within the state of Indiana. However, because this deposition occurred in Italy, Rule 28(b)(1)(C) required that it be taken before a person authorized to administer oaths by federal law or the law of Italy. Connor was not such a person.

Because the deposition of Kershaw was not conducted in compliance with the requirements of Federal Rule of Civil Procedure 28, it was not a "lawful deposition" such that it satisfies the requirements of Federal Rule of Evidence 804(b)(1). Inasmuch as the Plaintiffs have not offered any other rule under which Kershaw's deposition testimony would be admissible at trial, the Defendants' objection to its admission is **SUSTAINED**.

SO ORDERED: 05/10/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**LARRY YOUNG**
**P.O. Box 996**
**Lake Zurich, IL 60047**

Copies to all counsel of record via electronic notification