UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. McCARTHY, et al.,       ) | |
|       *Plaintiffs*,                                  ) | |
|       vs.                                             ) | CAUSE NO.  1:08-cv-994-WTL-DML |
| PATRICIA ANN FULLER, a/k/a SISTER ) JOSEPH THERESE, et al.,           ) | |
|       *Defendants*. | |

### ENTRY IN ADVANCE OF STATUS CONFERENCE

In advance of the upcoming status conference in this case, the Court has reviewed the pending motions and other outstanding issues and hereby rules as follows.  It is the Court's intention that this Entry address (or at least acknowledge) every outstanding matter in this case at this time.  Accordingly, if any party believes there is an outstanding matter that is not mentioned in this Entry, that party shall bring the matter to the Court's attention during the status conference.

*Matters Taken Under Advisement Pending Resolution of Appeal*

Third-Party Defendant Sigma Micro Corporation ("Sigma") has filed a motion seeking to be dismissed from this action (dkt. no. 398) and Sigma, along with the Counterclaim Defendants and Third-Party Defendant Langsenkamp Family Apostolate, has filed a motion seeking to dismiss Count 18 of the Amended Counterclaim (dkt. no. 408).  Both of these motions are based upon the fact that summary judgment has been entered on Counterclaimant Fuller's RICO claims.  That ruling is currently before the Seventh Circuit Court of Appeals, having been appealed by Fuller.  Accordingly, the Court takes the two motions to dismiss under advisement until such time as the appeal is resolved.

The Court also takes under advisement further consideration of the issue of whether summary judgment should be entered against Fuller as to Count 20 of her Counterclaim, as that issue also is premised on the Court's ruling on Fuller's RICO claims.

### *Dismissal of Count 10 of the Amended Counterclaim*

The Court notes that in Docket Number 402, Fuller states that she dismisses, without prejudice, Count 10 of her Counterclaim. The Court presumes that the Counterclaim Defendants have no objection to this dismissal.

### *Entry of Sanctions per Magistrate Judge's Recommendation*

On November 9, 2011, Magistrate Judge Lynch issued an order admonishing counsel that the incivility of their filings in this case was unacceptable and counterproductive and forbidding the use of specific words in further filings. In an order dated May 15, 2012, (dkt. no. 414), the Magistrate Judge noted that defense counsel Marilyn Cramer violated this order numerous times in her filing found at Docket Number 356. As she had promised in her earlier order, Magistrate Judge Lynch recommended that the Court sanction Ms. Cramer for her lapse. Ms. Cramer has not objected to that recommendation, and the Court finds it to be well-taken. **Accordingly, the Court hereby adopts Magistrate Judge Lynch's recommendation and sanctions Ms. Cramer in the amount of $500.00. Ms. Cramer shall pay the sanction by check made payable to the Clerk of this court by September 14, 2012; the check shall reference the cause number of this case.**

### *Plaintiff McCarthy's Objection to Magistrate Judge's Ruling (Dkt. No. 418)*

Plaintiff Kevin McCarthy asserted the clergyman-congregant privilege with regard to certain documents that were produced by McCarthy's spiritual advisor, Bishop David Ricken, in

response to a third-party discovery request made by the Defendants in this case. Magistrate Judge Lynch conducted an *in camera* review of the documents and determined that none of the documents are covered by the privilege. McCarthy filed a timely objection to the Magistrate Judge's order. The Court, having obtained the documents from Magistrate Judge Lynch and conducted its own *in camera* review, finds the objection to be without merit. The Court finds no fault with Magistrate Judge Lynch's analysis of the relevant law and agrees with her conclusion that a review of the documents in question demonstrates that "[n]one of them comes even close to meeting the requirements of the privilege." Magistrate Judge Lynch's ruling is not clearly erroneous or contrary to law and, accordingly, McCarthy's objection is **OVERRULED**.

### *Defamation Claims of Hartman Against Young*

In a previous ruling, the Court granted summary judgment in favor of Counterclaim Defendants Kevin B. McCarthy, Albert H. Langsenkamp, BVM Foundation, Langsenkamp Family Apostolate, and Sigma Micro Corporation and against Counterclaimant Paul Hartman on Hartman's defamation. Third-Party Defendant Larry Young, who is proceeding pro se, did not join in the motion for summary judgment. However, because it appeared to the Court that the defamation claim against Young may suffer the same infirmities as his defamation claim against the Counterclaim Defendants, the Court issued a notice pursuant to Federal Rule of Civil Procedure 56(f)(1) requiring Hartman to show cause why summary judgment also should not be entered in favor of Young. Specifically, the Court instructed Hartman that if he "has any evidence to support his claim that Young made any of the allegedly defamatory statements about Hartman, this is his opportunity to make that showing to the Court" and that "if Hartman believes that the fact that statements were posted by others on a website hosted by Young

subjects Young to liability for defamation, this is his opportunity to provide legal authority for that proposition." Entry Regarding Motion to Dismiss and Rule 56(f) Notice of Intention to Grant Summary Judgment at 2 (dkt. no. 395).

Hartman has now filed his response to the Court's Rule 56(f) notice (albeit a few minutes late),[1] and the Counterclaim Defendants have filed a brief as well, citing their interest in streamlining the trial. The Court, being duly advised, now **GRANTS** summary judgment in favor of Young on Hartman's defamation claim.

As described in more detail in the Court's ruling on the Counterclaim Defendants' motion for summary judgment (dkt. no. 355)[2], in Hartman's original interrogatory response he identified certain statements published on the website www.oltiv.org that he alleged were defamatory. Hartman again points to some of those statement as supporting his defamation claim against Young. Hartman ignores entirely the fact that the Court already has ruled that Hartman's concession in his deposition that none of those statements defame him personally, but rather were defamatory as to Fuller, forecloses a defamation claim based upon those statements.

Hartman also pointed to seven additional allegedly defamatory statements in a

---

[1] Attorney Marilyn Cramer persists in missing deadlines in this case. While the Court has been willing to overlook many of these failings because they have not prejudiced the opposing parties and have had no practical effect on the Court, Ms. Cramer is once again warned that the Court's patience is not endless and the Court is under no obligation to consider any untimely document.

[2] The Court is aware that the Counterclaimants have appealed this ruling. Obviously if that portion of the ruling addressing Hartman's defamation claims against the Counterclaim Defendants were to be reversed, this ruling would have to be reconsidered. However, unlike the issues taken under advisement pending the resolution of appeals, the issue before the Court regarding Hartman's defamation claim against Young is not whether summary judgment on that claim is appropriate because of an appealed ruling, but rather whether summary judgment is appropriate based upon the record in this case.

supplemental interrogatory response. These statements, some of which do refer to Hartman, appeared in the comments section on a blog on the same website, which is operated by Young. While Hartman testified that he believes Young was the author of the statements, there is no evidence to support that theory. However, Hartman argues that Young is liable for any defamatory content in these statements because they were published on his website, even though they were contained in the comments section and were posted by unknown authors. Hartman has cited to no legal authority to support this argument, even though he was expressly invited to do so by the Court. And while the Court has by no means conducted exhaustive research or legal analysis–after all, "it is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (citation omitted)–it appears that the Communications Decency Act of 1996 protects Young from liability for the comments posted by others on his website. 47 U.S.C. § 230(c)(1) **("**No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."); *see also F.T.C. v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009) ("The prototypical service qualifying for this statutory immunity is an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others.") (citing *Zeran v. America Online, Inc.*, 129 F.3d 327 (4th Cir. 1997)).

    Hartman has not provided any facts or legal analysis that refutes the Court's suggestion that his defamation claim against Young fails for the same reasons that his defamation claim against the Counterclaim Defendants fails. Accordingly, the Court finds that Young is entitled to summary judgment on the defamation claim in Hartman's third-party complaint.

*Plaintiffs' Motion to Strike (dkt. no. 447)*

The Court, growing increasingly concerned about defense counsel Marilyn Cramer's missed deadlines, ordered Ms. Cramer to provide copies of one of its orders to her clients and to certify that she had done so. Ms. Cramer did so, albeit twenty-two minutes late. However, along with her certification Ms. Cramer also filed a letter from one of her clients. The Plaintiffs move to strike that letter because it is "inaccurate and inappropriate." The Court agrees that it was improper to file the letter; regardless of its contents, it is not appropriate for a represented litigant to attempt to communicate directly with the Court; that is counsel's province. Accordingly, the motion to strike is **GRANTED** and the Clerk is directed to **STRIKE** the exhibit to Docket No. 443 from the docket.

The Plaintiffs also ask the Court to issue sanctions based upon the content of the letter. That request is denied.

*Plaintiffs' Motion for Relief (Dkt. No. 452)*

For quite some time now, the Plaintiffs have attempted to obtain some sort of coherent explanation from the Defendants regarding how they calculate the damages they seek for their various counterclaims and the evidence they have to support those calculations. At the May 4, 2012, final pretrial in this case, the Court instructed defense counsel that it was time to rectify the situation. To that end, the Court ordered the following:

> By May 11, 2012, the Counterclaimants shall serve a statement of damages, which can be in chart form, that sets forth the following: (a) each counterclaim they intend to advance at trial; (b) the types of damages they intend to seek for each counterclaim; (c) the amount they intend to seek for each category of damages for each counterclaim; and (d) the specific evidence they intend to introduce to support each category of damages for each counterclaim. In the event the Counterclaimants are unable to provide specific information as to a particular category, they shall list the specific outstanding discovery that they still need that

they believe will supply the missing information.

The Defendants filed something on May 12th–missing yet another deadline by a few minutes–that purported to comply with the Court's order. Unfortunately, defense counsel failed to attach the chart as an exhibit to that filing; the chart was not filed until the following day.

The Plaintiffs ask the Court to dismiss the amended counterclaims against them and/or prohibit the Defendants from introducing evidence regarding damages at trial as a sanction for their failure to comply with the Court's order. To the extent that the Plaintiffs contend that the requested sanction should be entered because the chart was filed two days late, the Court does not believe that punishment would fit the crime.

The Plaintiffs also contend that the chart is substantively flawed. The Court agrees that the chart falls far short of providing the type of comprehensive information the Court and the Plaintiffs had hoped for. It is difficult for the Court to discern why the Defendants have been unable to articulate how they plan to prove their damages at trial. Perhaps no evidence exists to support their claimed damages. Perhaps the Defendants have the evidence but have not put in the time necessary to organize it. Or perhaps, as the Defendants have consistently and vehemently asserted, they do not yet have the evidence because their opponents have not fulfilled their discovery obligations.

The Defendants have now filed three motions to compel (dkt. nos. 468, 469, and 471). Those motions are before Magistrate Judge Lynch and will be resolved in due course. If Magistrate Judge Lynch should rule in the Defendants' favor and order additional discovery from the Plaintiffs, and if any of that additional discovery is relevant to the issue of the Defendants' damages, then the Defendants will be able to supplement their chart and present that

newly produced evidence at trial. Otherwise the Defendants will not be permitted to introduce at trial any evidence regarding their damages that is not specifically referenced in the chart in its current form. The Court agrees with the Plaintiffs that very little evidence falls into that category.

### *Motion for Entry of Default Against Kershaw (Dkt. No. 457)*

The Defendants named Alan R. Kershaw as a Third-Party Defendant in their Amended Counterclaim, which was filed on January 19, 2010. Kershaw has not filed an answer or otherwise responded to the claims against him. The Defendants now move for entry of default against Kershaw. The Court, being duly advised, **DENIES** the motion for the reasons set forth below.

Because Kershaw resides in Italy, service upon him is governed by Federal Rule of Civil Procedure 4(f).[3] Pursuant to Rule 4(f)(1), a person may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Because Italy is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), the method used to serve Kershaw had to be a method authorized by the Hague Convention.

The Defendants describe their effort to serve Kershaw as follows:

> On February 25, 2010, the Counterclaimants mailed the Summons and Amended Counterclaims by United States registered international mail, addressed to Kershaw at Via M. D. Amelio, N 42-00165, Rome, Italy. This is the business address listed on Mr. Kershaw's last known letterhead. It is the address Kershaw

---

[3]The Court notes that defense counsel inexplicably cites to a version of Rule 4 that was amended–quite substantially–in 1993.

>utilized after the inception of this litigation and an address he utilized at least into 2009.

Defendants' Brief at 5. There appears to be a disagreement among courts as to whether service by registered mail is authorized by the Hague Convention. *See* Beverly L. Jacklin, *Service of Process by Mail in International Civil Action as Permissible Under Hague Convention*, 112 A.L.R. Fed. 241 (collecting cases). The Seventh Circuit has not definitively spoken on the issue. *Compare In re Teknek, LLC*, 512 F.3d 342, 346 (7th Cir. 2007) (stating in dicta that "[i]nternational treaties and conventions, such as the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, must be followed; service by mail is not allowed."), *with Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002) (stating in dicta that certified mail is "a method permitted by Article 10(a) of the Hague Convention, so long as the foreign country does not object").

This Court need not choose a side in the debate, because even assuming that service by registered mail is authorized by the Hague Convention, the Defendants have not demonstrated that they properly served Kershaw. The Plaintiffs[4] have submitted an affidavit from Kershaw in which he avers that the address at which the Defendants attempted to serve him ceased being his address as of March 1, 2009, almost a year before service was attempted. The Defendants have not submitted any evidence that contradicts Kershaw's affidavit. Further, the record makes it clear that Kershaw's proper address was not a secret; in January 2010 the Plaintiffs issued a deposition subpoena to him at that address which was served on defense counsel. The

---

[4] It is not clear to the Court under what authority the Plaintiffs filed a response to a motion to enter default against Kershaw. However, the Defendants did not object to their response, so the Court has considered it.

9

Defendants simply have not given the Court any basis for finding that they properly effected service on Kershaw by sending the summons and Amended Counterclaim to an address that was no longer associated with Kershaw and had not been for some time.

The Defendants emphasize that Kershaw has had actual notice of this lawsuit and the claims against him since January 2010. "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *McMasters v. U.S.*, 260 F.3d 814, 817 (7th Cir. 2001). The Defendants have failed to do so; accordingly, they have not brought Kershaw under the jurisdiction of this court.

The last question is what to do about that fact. Rule 4 does not contain a specific time limit for serving an individual outside of the United States. However, "it does not follow that a court is left helpless when it wants to move a case along." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). "If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 806 (7th Cir. 2005) (citing *O'Rourke Bros. Inc.*, 201 F.3d at 951-52). The Court believes that dismissal of the Defendants' claims against Kershaw pursuant to Federal Rule of Civil Procedure 41(b) is appropriate under the circumstances of this case. The Defendants believed they properly served Kershaw in March 2010, but they waited more than two years to seek entry of default. Indeed, this case came within two weeks of trial and the Defendants still had not moved for entry of default against Kershaw. Had the Defendants moved more expeditiously, the Court might have been inclined to give them additional time to serve Kershaw properly. At this point, however, it is simply too late. Permitting the Defendants to serve Kershaw now would require further delaying the

resolution of this case, which is already four years old.  Accordingly, the Court finds that the Defendants have failed to prosecute their claims against Kershaw and those claims therefore are **DISMISSED WITHOUT PREJUDICE**[5] pursuant to Federal Rule of Civil Procedure 41(b).

### *Plaintiffs' Suggestion for Streamlining Trial*

The Plaintiffs have taken the Court up on its invitation to submit suggestions for how to streamline the trial in this case. *See* Docket No. 460.  The Court intends to discuss these suggestions at the next status conference.  Specifically, the Plaintiffs suggest the following:[6]  (1) Count 19 of the Amended Counterclaim should be dismissed; (2) Counts 2, 3, and 4 of the Amended Counterclaim are redundant (and presumably should be reduced to one claim); and (3) Count 11 of the Amended Counterclaim should be dismissed as redundant of Counts 7 and 9.  Defense counsel should be prepared to discuss whether the Defendants agree with some or all of these suggestions.  If they do not, the Court will consider the Plaintiffs' suggestion that they should be permitted to raise the issues in dispositive motions.

The Plaintiffs also suggest that "there are additional issues that could potentially be resolved through summary judgment after the completion of Fuller's deposition."  The Court declines to reopen the dispositive motion deadline generally.  If the Plaintiffs can identify specific issues they believe can be resolved prior to trial by discrete summary judgment motions, the Court will consider granting them leave to file such motions.  Unfortunately, Fuller's

---

[5] The Court expresses no opinion on whether it is possible for the Defendants to pursue their claims against Kershaw in a separate action.

[6] Many of the suggestions assume that the Court's ruling on the RICO claims will withstand the current appeal; obviously if that does not occur, those suggestions will no longer be viable.

deposition has not yet been completed; therefore, it remains to be seen whether sufficient time will remain for briefing and resolving additional dispositive motions prior to trial.

### *Matters Not Yet Ripe*

The Court recognizes that the Plaintiffs have recently filed a motion to strike (dkt. no. 478) and a motion that relates to their continuing efforts to complete Fuller's deposition (dkt. no. 483). Those motions will be addressed in due course.

SO ORDERED: 08/13/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copy by United States Mail to:

Larry Young
P.O. Box 996
Lake Zurich, IL  60047

Copies to all counsel of record via electronic notification