### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN B. McCARTHY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:08-cv-994-WTL-DML |
| | ) | |
| PATRICIA ANN FULLER, a/k/a SISTER | ) | |
| JOSEPH THERESE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON MOTIONS FOR LEAVE TO FILE DISPOSITIVE MOTIONS

After the trial of this case was vacated due to the parties' interlocutory appeals, the Plaintiffs[1] expressed a desire to file additional dispositive motions. The Court indicated that it was amenable to permitting such motions if they would streamline the trial and gave the parties permission to seek leave to file such motions, with the following instructions: "A separate motion for leave should be filed with regard to each discrete issue as to which the party wishes to file a dispositive motion and must succinctly set forth the specific issue and an explanation of why it is appropriate for resolution prior to trial." The Plaintiffs have filed eight such motions for leave. The Court has reviewed the parties' filings with regard to the motions and now rules as follows.

In making its rulings, the Court asked the following question: Is it likely that permitting the proposed motion to be filed will allow an issue or issues to be resolved in a substantially more efficient manner than allowing the issue or issues to be resolved at trial? For those

---

[1] For the sake of convenience, throughout this Entry the Court will use "Plaintiffs" to refer to all parties represented by attorneys Bradley Stohry and Michael Swift, which includes some parties that are not actually plaintiffs, but rather only counterclaim defendants. Similarly, "Defendants" will be used to refer to Patricia Ann Fuller and Paul Hartman, who are both defendants and counterclaimants in this case.

proposed motions that do not anticipate the resolution of a legal issue, but rather ask whether Defendant Fuller will be able to introduce sufficient evidence to support a particular claim, that question must be answered in the negative.  The following motions fall into that category and are, therefore, **DENIED**:  Fuller's Ability to Seek to Recover Amounts She Paid to Non-Parties (**Dkt. No. [570]**)[2]; Count 13 of Fuller's Amended Counterclaims – Contract Implied-in-Fact (**Dkt. No. [572]**); Count 19 of Amended Counterclaim – Money Paid to Weston Hurd **(Dkt. No. [577]);** and Copyright Claims (**Dkt. No. [589]**).

The remaining motions are discussed, in turn, below.

## Motion for Leave of Court to File Dispositive Motion Seeking to Foreclose Fuller's Ability to Seek to Recover Proceeds from the Sale of Stock (Dkt. No. [569])

Defendant Fuller alleges in her Amended Counterclaim that the Plaintiffs committed "theft by fraud, deception and conversion" by inducing her to liquidate certain Key Bank stock and turn over a large portion of the proceeds to the Plaintiffs.  The Plaintiffs seek leave to file a dispositive motion arguing that Fuller cannot recover for any theft of the proceeds of the stock liquidation because the stock certificates at issue were owned by an entity called "Contemplative Sisters," not Fuller.  The motion for leave is **DENIED**.  Assuming the Plaintiffs are correct, what they are attempting to do is raise a real party in interest defense.  However, "real party in interest is a defense subject to waiver" for failing to raise it in a timely manner.  *RK Co. v. See*, 622 F.3d 846, 850-51 (7th Cir. 2010).  The Plaintiffs did not raise the defense in their answer;[3] nor did they raise it by the dispositive motion deadline.  Now, more than three years after Fuller first

---

[2]The Plaintiffs' motion to strike the Defendants' surreply in opposition to this motion (dkt. no. [614]) is **GRANTED,** inasmuch as the Defendants failed to seek leave to file the surreply.  The Clerk is directed to **STRIKE** Docket Number [611] and the accompanying exhibits. The Plaintiffs' request for the fees they incurred in filing the motion to strike is **denied.**

[3]In fact, the Plaintiffs admitted in their Answer to Fuller's Amended Counterclaim that Fuller owned the stock.  Dkt. No. 125 at ¶ 188 ("Responding Parties admit that Fuller owned stock that had an accrued value of approximately $1,000,000 . . . .").

raised the claim in her original Counterclaims (dkt. no. [48]), it is too late.  The Plaintiffs have

waived the real party in interest defense and therefore are not entitled to file a dispositive motion

asserting it.

### Fuller's Defamation Claims (Dkt. No. 571) and
### Fuller's Ability to Recover Money Damages (Dkt. No. 576)

Both of these motions relate to the fact that the Defendants have been less than clear with

regard to the evidentiary basis for many of their damages allegations.  The Court does not

believe additional dispositive motions relating to this issue are necessary, inasmuch as it already

has been addressed by the Court.  The Defendants have filed a damages chart and the Court has

admonished the Defendants that they "will not be permitted to introduce at trial any evidence

regarding their damages that is not specifically referenced in the chart."  Dkt. No. 485 at 8.  The

exception is any evidence that was produced in response to Magistrate Judge Lynch's order on

the Defendants' motions to compel.  *See* Dkt. No. 490.  If the Defendants intend to use any of

that evidence in support of their damages claims, they shall supplement their damages chart

**within 14 days of the date of this Entry**.

### First Sale Doctrine (Dkt. No. 573)

Defendant Fuller alleges in her Amended Counterclaims that the Plaintiffs stole 10,000

Our Lady of America religious medallions from her and sold them without her permission. This,

she alleges, constitutes infringement of the trademark that covers the medallions.  The Plaintiffs

deny that they stole the medallions, but argue that even if they did so their sale does not

constitute trademark infringement because "as a general rule, the Lanham Act does not impose

liability for 'the sale of genuine goods bearing a true mark even though the sale is not authorized

by the mark owner' because such a sale does not inherently cause confusion or dilution." *Zino*

*Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2nd Cir. 2009) (quoting *Polymer Tech. Corp. v.*

*Mimran*, 975 F.2d 58, 61 (2nd Cir. 1992)).

The Court believes that a motion for summary judgment resolving the issue of whether the facts as alleged by Fuller can support a claim for trademark infringement is appropriate. Accordingly, this motion for leave is **GRANTED**.  The Plaintiffs may not argue about what Fuller will or will not be able to prove at trial; they may raise only the legal issue of whether the unauthorized sale of genuine trademarked items can constitute trademark infringement.

### Redundant Counts in Amended Counterclaims (Dkt. No. 575)

The Court agrees with the Plaintiffs that there is a need to determine how the Defendants' various claims will be organized and presented to the jury.  The Court does not believe that a dispositive motion is the appropriate way to achieve this goal, however.  Accordingly, this motion for leave is **DENIED**.  The Court will address the need to focus and clarify the parties' claims prior to trial in a separate entry.

### CONCLUSION

For the reasons set forth above, the following motions are **DENIED**:  Motions for Leave to File Dispositive Motions Regarding Fuller's Ability to Seek to Recover Proceeds from the Sale of Stock (**Dkt. No. 569**); Fuller's Ability to Seek to Recover Amounts She Paid to Non-Parties (**Dkt. No. 570**); Fuller's Defamation Claims (**Dkt. No. 571**); Count 13 of Fuller's Amended Counterclaims – Contract Implied-in-Fact (**Dkt. No. 572**); Redundant Counts in Amended Counterclaims (**Dkt. No. 575**); Fuller's Ability to Recover Money Damages (**Dkt. No. 576**); Count 19 of Counterclaim – Money Paid to Weston Hurd (**Dkt. No. 577**); and Copyright Claims (**Dkt. No. 589**).  The Plaintiffs' motion to strike the Defendants' surreply (**Dkt. No. 614**) is **GRANTED**  and the Clerk is directed to **STRIKE** Docket Number 611 and the accompanying exhibits. The Plaintiffs' Motion for Leave of Court to File Dispositive Motion Regarding First

Sale Doctrine (**Dkt. No. 573**) is **GRANTED**. The Plaintiffs shall file their motion **within 14 days of the date of this Entry**. The motion shall be briefed pursuant to Local Rule 56-1.

Finally, if the Defendants intend to use any evidence that was produced in response to Magistrate Judge Lynch's order on the Defendants' motions to compel (dkt. no. 490), they shall supplement their damages chart to reflect that intent **within 14 days of the date of this Entry**.

SO ORDERED:  06/05/2013

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**LARRY YOUNG**
**P.O. Box 996**
**Lake Zurich, IL 60047**

Copies to all counsel of record via electronic notification