UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. McCARTHY, et al., | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:08-cv-994-WTL-DML |
| | ) |
| PATRICIA ANN FULLER, a/k/a SISTER | ) |
| JOSEPH THERESE, et al., | ) |
| | ) |
|   Defendants. | ) |

## ENTRY ON REMAINING PENDING MOTIONS

Several motions pend before the Court. Each is resolved as follows. In addition, the Court issued a Notice pursuant to Rule 56(f) giving the Counterclaimants notice of its intention to enter summary judgment regarding Count 20 in the Amended Counterclaim. The Court now resolves that issue as well.

### Motion to Dismiss Sigma Micro Corporation (Dkt. No. 398)

Counterclaim Defendant Sigma Micro Corporation has filed a motion seeking to be dismissed from this case because the Amended Counterclaim does not "contain any allegations regarding conduct, wrongful or otherwise, in which Sigma Micro was involved," but, instead, simply alleges that Counterclaim Defendant Langsenkamp used its facilities for some of his alleged wrongful conduct. The Court has reviewed the Amended Counterclaim and finds this to be a fair representation of it. The Counterclaimants have not filed a response to the motion to dismiss to offer any alternative reading of the Amended Counterclaim that would make Sigma Micro Corporation a viable Counterclaim Defendant now that all of the RICO claims have been dismissed. Accordingly, the motion to dismiss is **GRANTED**. Sigma Micro Corporation is no longer a party to this action.

**Motion to Dismiss Count 18 of Amended Counterclaim (Dkt. No. 408)**

The Plaintiffs[1] move to dismiss Count 18 of the Amended Counterclaim on the ground that it only asserts a claim against Alan Kershaw, who has been dismissed from this action. The Court agrees. Count 18 sets forth actions taken by Kershaw and concludes:

> Claimant Sister Mary Joseph Therese is entitled to recover the return of the stolen money with prejudgment and post judgment interest, compensatory damages, treble damages, attorneys' fees, costs, exemplary damages, and punitive damages *because the Claims Defendant Kershaw*, in furtherance of the activities of the Enterprise, *acted maliciously, willfully, and with reckless disregard for her rights*.

Amended Counterclaim ¶ 289. The Defendants have not filed a response to the motion to dismiss to offer any theory under which the Plaintiffs may be held liable for the actions of Kershaw alleged in Count 18. Accordingly, the motion to dismiss is **GRANTED** and Count 18 of the Amended Counterclaim is dismissed.[2]

**Notice of Defendant's Noncompliance with the Court's "Entry Following Status Conference" and Request for Sanctions (Dkt. No. 525)**

During a telephonic status conference on October 24, 2012, the Court ordered the Defendants to produce (or re-produce) three of their trial exhibits to the Plaintiffs by October 26, 2012. The Court further ordered the Defendants to return their deposition transcripts to the court reporter by the same date. These orders were memorialized in an Entry Following Status Conference that was entered by the Court the following day. Dkt. No. 521.

On October 31, 2012, the Plaintiffs filed a "notice" in which they stated that (1) the court

---

[1] For the sake of convenience, throughout the remainder of this Entry the Court will use "Plaintiffs" to refer to all parties represented by attorneys Bradley Stohry and Michael Swift, which includes some parties that are not actually plaintiffs, but rather only counterclaim defendants. Similarly, "Defendants" will be used to refer to Patricia Ann Fuller and Paul Hartman, who are both defendants and counterclaimants in this case.

[2] The Court notes that the facts and damages alleged in Count 18 may be relevant to claims that the Defendants assert against the remaining parties. In other words, this ruling should not be interpreted as rendering the alleged payment made to Kershaw irrelevant to this lawsuit.

reporter had not yet received either Defendant's deposition transcript; and (2) the exhibits were not sent by defense counsel until October 29, 2012.  The Plaintiffs asserted that these failures by the Defendants "hinder the administration of justice in this case and continue to unnecessarily increase the costs of litigation for Plaintiffs" and, therefore, warrant sanctions.  Plaintiffs' Notice at ¶ 4.

As the Court has noted on more than one occasion over the course of this case, deadlines are important and defense counsel has missed a lot of them, usually without any acceptable reason.  As this case enters what the Court hopes is its final stretch and the parties begin to prepare in earnest for trial, deadlines will be strictly enforced and the consequences for missing them could be severe.

That said, the fact that the Defendants emailed their three trial exhibits to Plaintiffs' counsel on Monday rather than on Friday could not conceivably have "hindered the administration of justice" in any way.  Nor would it have increased the Plaintiffs' costs, but for the Plaintiffs' choice to file a Notice to point it out.  Missed deadlines are unfortunate, but so is exaggerating the import of a missed deadline and (predictably) generating a flurry of filings as a result.  The Plaintiffs' request for sanctions is **DENIED**.

Defendant Hartman has returned his deposition transcript to the court reporter.  The Court is unable to ascertain from the parties' filings whether Defendant Fuller has done so; she said she had as of November 27, 2012 (dkt. no. 552 at 9), while the Plaintiffs said she had not as of December 5, 2012 (dkt. no. 558 at 3).  If, in fact, the court reporter has not yet received Fuller's deposition transcripts, the Plaintiffs may file a motion to compel raising that issue.

**Motion for Relief as a Result of Ongoing Fraud (Dkt. No. 556)**

This motion is curious indeed. The Plaintiffs allege that the Defendants have "apparently perjured themselves and committed fraud upon the Court" and ask that the Court sanction this "apparent" conduct by entering default judgment against the Defendants on the Plaintiffs' claims and dismissing the Defendants' claims against them. Plaintiffs' Motion at 1. The crux of the alleged factual basis for the Plaintiffs' motion is summed up in the opening paragraph of the Plaintiffs' reply brief:

> Defendants have long attributed certain defamatory statements (both in filings with the Court and in depositions) to a "confidential source." After significant expenses were incurred by Plaintiffs, Hartman was twice ordered to identify the alleged "confidential source." Hartman ultimately identified his "confidential source" to be an individual named "Duncan Bannelle." This individual – whose name is actually "Duncan Bonnell" – was ultimately deposed and he emphatically denied being Defendants' "confidential source" and/or making any of the statements that Defendants attributed to him. Based on all of the relevant facts, the only logical conclusion is that Defendants fabricated the statements that they attributed to Mr. Bonnell in an ill-advised attempt to support their case and attempted to clothe their deceit under the ruse of protecting a "confidential source." [3]

The problem with this argument is that, despite the Plaintiffs' emphatic urging, there is, of course, more than one "logical conclusion" that can be drawn from the relevant facts. One is the one posited by the Plaintiffs. Another is that Defendant Hartman has been truthful and Mr. Bonnell has not.[4] It would not be appropriate for the Court to judge the credibility of the two versions of the story based upon a cold record. It was frivolous for the Plaintiffs to ask the Court

---

[3]The Court recognizes that the Plaintiffs point to two other instances of what they assert is perjury, one involving Fuller and one involving Hartman. The Court declines to address those instances, other than to note that the arguments made by Fuller and Hartman as to why they do not involve perjury demonstrate that the Plaintiffs either ignore or fail to appreciate the complexity of the issue.

[4]The Plaintiffs' insistence that Bonnell is clearly the truthful of the two because he has no incentive to lie ignores that fact that people lie for many reasons; the desire to gain an advantage in a lawsuit is but one possibility.

to do so. Nor is the Court inclined to hold a hearing to determine whether perjury has occurred. If the alleged perjury is relevant to the issues to be tried, the jury can consider the evidence, make a credibility determination, and determine whom to believe. The Plaintiffs' motion, therefore, is **DENIED**.

### Petition for Costs Incurred to Complete the Deposition of Fuller (Dkt. No. 610)

In a December 14, 2012, Order Imposing Rule 37 Sanctions, Magistrate Judge Lynch ordered Fuller to "[a]ppear at a deposition for the completion of the plaintiffs' questioning of her no later than March 1, 2013." She further ordered that "Fuller may choose to be deposed at a site she selects in Ohio, but if her deposition takes place anywhere other than Indianapolis, then Fuller must reimburse the plaintiffs their reasonable attorneys' fees and expenses for traveling from Indianapolis to Ohio (for one attorney only)." Fuller did not file an objection to this order, and the time for doing so has long since expired.

At Fuller's request, her deposition was taken in Akron, Ohio. The Plaintiffs have now filed a motion seeking reimbursement for their fees and expenses as contemplated by Magistrate Lynch's order. Fuller has not filed a response to the motion, despite being granted an extension of time to do so. The Court, being duly advised, finds the amount sought by the Plaintiffs to be reasonable, and accordingly **GRANTS** the Plaintiffs' motion. Fuller shall reimburse the Plaintiffs the amount of $4107.61 within **45 days of the date of this Entry**.

### Rule 56(f) Notice Regarding Amended Counterclaim Counts 10 And 20

Finally, in its Rule 56(f) Notice of Intention to Grant Summary Judgment (dkt. no. 396), the Court notified the Defendants of its intention to enter summary judgment on Counts 10 and 20 of the Amended Counterclaim. The Defendants have since dismissed Count 10, *see* Dkt. No. 402-1, although curiously they failed to acknowledge that fact in their subsequently filed

response to the Rule 56(f) motion. With regard to Count 20, the Court explained in its Notice that it

> does, on its face, purport to assert claims for "victim/witness tampering" and "victim/witness retaliation" in addition to the dismissed RICO claim. However, the Court is not aware of any private cause of action for victim tampering, witness tampering, victim retaliation, or witness retaliation. If defense counsel believes such an action exists, she shall . . . file a response to this Entry setting forth her legal authority for that belief.

While the Defendants did file a response to the Notice, it does not attempt to set forth a legal basis for the non-RICO claims asserted in Count 20. Accordingly, the Court hereby enters summary judgment on those claims. The facts asserted in Count 20 might be relevant to other claims asserted by Fuller, but no claim for "victim/witness tampering" or "victim/witness retaliation" will be submitted to the jury. The Court believes that Count 20 was the only remaining counterclaim asserted by Hartman; accordingly, Fuller is the only remaining Counterclaimant.

## **CONCLUSION**

For the reasons set forth above, Sigma Micro Corporation's Motion to Dismiss (Dkt. No. 398) is **GRANTED** and Sigma Micro Corporation is no longer a party to this case; the Plaintiffs' Motion to Dismiss Count 18 of Amended Counterclaim (Dkt. No. 408) is **GRANTED**; the request for sanctions contained in the Plaintiffs' Notice of Defendant's Noncompliance with the Court's "Entry Following Status Conference" and Request for Sanctions (Dkt. No. 525) is **DENIED**; the Plaintiffs' Motion for Relief as a Result of Ongoing Fraud (Dkt. No. 556) is **DENIED**; and the Plaintiffs' Petition for Costs Incurred to Complete the Deposition of Fuller (Dkt. No. 610) is **GRANTED** and Fuller is ordered to reimburse the Plaintiffs the amount of $4107.61 within **45 days of the date of this Entry**. Finally, on the Court's own motion pursuant to Federal Rule of Civil Procedure 56(f), summary judgment is entered in favor of the

Counterclaim Defendants on Count 20 of the Amended Counterclaim.

SO ORDERED: 06/05/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**LARRY YOUNG**
**P.O. Box 996**
**Lake Zurich, IL 60047**

Copies to all counsel of record via electronic notification