UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KEVIN B. McCARTHY, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|   vs. ) | CAUSE NO. 1:08-cv-994-WTL-DML |
| ) | |
| **PATRICIA ANN FULLER, a/k/a SISTER** ) | |
| **JOSEPH THERESE, et al.,** ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Court on the Defendants' motion for protective order, in which they seek to prevent the trial deposition of Bishop Richard John Garcia (dkt. no. 669). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The Defendants advance several arguments in support of their motion. First, they argue that the deposition is untimely because it was not taken during the discovery period in this case. However, this deposition is being taken to procure Bishop Garcia's testimony for trial because he resides in Monterey, California, outside of this Court's subpoena power, and has declined to appear at trial voluntarily. It is this Court's practice that a trial deposition of an unavailable witness is not subject to the discovery deadline. Accordingly, the Court overrules the Defendants' timeliness objection.

The Defendants next argue that Bishop Garcia's testimony should not be permitted "as a sanction for his previous contempt" because he failed to respond to the Defendants' discovery subpoena. Bishop Garcia is not a party to this case, however, so to the extent that he failed to comply with a subpoena (which was not issued by this Court, but rather the Northern District of

California), prohibiting deposition testimony that the Plaintiffs wish to use at trial would not be sanctioning Bishop Garcia, but rather the Plaintiffs. As there is no evidence—notwithstanding the Defendants' suggestion—that the Plaintiffs caused Bishop Garcia to fail to respond to the discovery subpoena, such a sanction against the Plaintiffs is not warranted.[1]

The Defendants' remaining arguments essentially boil down to their assertion that any admissible testimony that might be provided by Bishop Garcia is not significant enough to justify the expense of traveling to Monterey, California to obtain it. Federal Rule of Civil Procedure 26(c) permits the Court to prohibit a deposition "for good cause . . . to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense." The fact is, however, that the Defendants have alleged in this case that the Plaintiffs' involvement with the Our Lady of America Devotion was, from the beginning, a moneymaking scheme. The Plaintiffs maintain that they were asked to become involved with the Devotion by Bishop Garcia and Bishop Ricken and that their motivation was spiritual, not financial. Bishop Garcia's testimony regarding his involvement with connecting the Plaintiffs to the Our Lady of America Devotion therefore is relevant to the issues in this case. Of course, the Defendants are correct that even if the jury finds that the Plaintiffs first became involved with the Devotion at the request of Bishop Garcia, that fact is not dispositive of any claim in this case. But the Plaintiffs are entitled to refute the Defendants' allegations regarding their motivation for becoming involved with the Devotion, and Bishop Garcia has information relevant to that issue.

There is no doubt that traveling to California to take a deposition will be inconvenient

---

[1] The Defendants also refer to documents that they assert the Plaintiffs have withheld. That issue is not properly before the Court, as the time for raising any non-compliance with discovery has passed. Of course, that does not foreclose an objection to a particular document offered by a party at trial on the ground that it was improperly withheld during discovery. *See* Federal Rule of Civil Procedure 37(c)(1).

and expensive. Many things in the long history of this case have been. However, the Court does not find that there is good cause to prohibit it on that basis. Nor is there any basis under the applicable rules to require the Plaintiffs to bear the Defendant's costs. Accordingly, the motion for protective order is **DENIED**.

SO ORDERED: 11/13/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**LARRY YOUNG**
**P.O. Box 996**
**Lake Zurich, IL 60047**

Copies to all counsel of record via electronic notification