UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KEVIN B. McCARTHY, et al., | ) |
| :--- | :--- |
| Plaintiffs, | ) |
| vs. | ) CAUSE NO. 1:08-cv-994-WTL-DML |
| PATRICIA ANN FULLER, a/k/a SISTER JOSEPH THERESE, et al., | ) |
| Defendants. | ) |

## ENTRY ON POST-TRIAL MOTIONS

This cause is before the Court on numerous post-trial motions filed by the Plaintiffs and the Defendants. Each of the pending motions is addressed, in turn, below.

**Defendants' Motion for Attorney's Fees (Dkt. No. 832)**

This Court's Local Rule 54-1 provides:

(a) Deadline for Requests for Costs and Attorney's Fees. A party cannot recover attorney's fees and costs unless the party files and serves a bill of costs and a motion for fees within 14 days after final judgment is entered.[1] The court may extend this deadline for good cause if a motion requesting an extension is filed before the original deadline.

Final judgment was entered in this case on March 19, 2014. Accordingly, the deadline for filing motions seeking attorney's fees and costs was April 2, 2014. The Defendants' motion was filed on April 3, 2014; no motion for extension of the deadline was filed. The Defendants' motion therefore is **DENIED** as untimely. *Bender v. Freed*, 436 F.3d 747, 750 (7th Cir. 2006) (affirming denial of untimely fees motion despite asserted absence of prejudice, when there was no "corresponding claim that compliance with the deadline . . . was impossible or impracticable or

---

[1]The Court notes that the motion is entitled "Motion for Attorney's Fees and Motion for Costs Not Automatically Entered"; as the Local Rule makes clear, no costs are automatically entered, but rather only are awarded following the timely filing of a bill of costs.

that the [party's] noncompliance was for some reason excusable").

In their reply brief, the Defendants stridently argue that their motion was not untimely because they were entitled to the additional three days provided by Federal Rule of Civil Procedure 6(d) under certain circumstances; they go so far as to accuse the Plaintiffs of wasting the Court's time by arguing otherwise. The Plaintiffs are correct that Rule 6(d) is inapplicable to a motion for attorney's fees, however; indeed, as the Seventh Circuit held when faced with an indistinguishable situation, it was inexcusable for defense counsel to believe otherwise:

> The attorney's understanding that Federal Rule of Civil Procedure 6(e)[2] provided him with three extra days to file a notice of appeal is inexcusable. An unaccountable lapse in basic legal knowledge is not excusable neglect. Rule 6(e) only enlarges the filing time when the period for acting runs from the service of a notice, not when the time for acting is designated from the entry of judgment. The distinction between "entry of judgment" and "service of a notice" is unambiguous to any trained lawyer such that the attorney's error cannot be categorized as a plausible misinterpretation of an ambiguous rule.

*McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008) (internal quotation marks and citations omitted).

The Court notes that the Defendants' motion is based on Federal Rule of Civil Procedure 54, Federal Rule of Civil Procedure 37, and 28 U.S.C. § 1927. While only Rule 54 provides a specific deadline for motions, Local Rule 54-1 applies to all motions for attorney's fees or costs regardless of the legal basis for them. If the Defendants needed more time to prepare their motion or obtain supporting documents regarding their costs, they could have filed a motion for additional time as provided by Local Rule 54-1. As their pattern has been in this case, however, the Defendants did not do so. Instead, they filed their motion four minutes past the applicable deadline and their brief in support of the motion more than three hours later and then lambasted the Plaintiffs for pointing out their tardiness.

---

[2]Rule 6 has since been re-codified; the former Rule 6(e) is now found in Rule 6(d).

As the Court has noted on more than one occasion, defense counsel was repeatedly admonished about late filings during the course of this litigation and suffered other substantial consequences as a result of them. The admonishments began when the Court denied the Plaintiffs' motion for default judgment, *see* Dkt. No. 47 at 7, continued throughout trial, *see, e.g.*, Dkt. No. 828 at 6-7, and occurred numerous times in between. *See, e.g.*, Dkt. No. 119 at 1-2; Dkt. No. 429 at 1; Dkt. No. 485 at 4 n.1, 6, 7; Dkt. No. 627 at 2; Dkt. No. 697. Indeed, the Court took the extraordinary measure of requiring defense counsel to certify that she had provided a copy of an entry to her clients, noting "[t]he Court's patience is not boundless, and the Court does not want the Defendants to be surprised if Ms. Cramer continues to fail to comply with the Court's orders and the sanction of dismissal and/or default is imposed as a result." Dkt. No. 422 at 3. Finally, in its Entry Following Final Pretrial Conference, the Court instructed counsel that further late filings would not be considered by the Court. Dkt. No. 729. For obvious reasons, even assuming the Court had discretion to ignore the missed deadline in this instance, it would not do so.

Finally, the Court notes that even if the motion had been timely, it would have been denied. The Defendants cite to no "statute, rule, or other grounds entitling" them to attorney fees as prevailing parties with regard to the claims on which they prevailed, s*ee* Rule 54(d)(2)(ii), and the Court is aware of none. Accordingly, any award of fees could be based only on § 1927 or Rule 37. The Defendants point to no specific ground for an award pursuant to Rule 37 and provide only a list of twenty acts of alleged misconduct, without any citation to the record or explanation of how each action demonstrates that plaintiffs' "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders," which is the type of misconduct

necessary to justify a sanction under § 1927. *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (citation omitted). It should go without saying a court could not issue sanctions against attorneys totaling over $7,000,000 based upon nothing more than a list of general grievances regarding how opposing counsel litigated a case. Defense counsel recognizes this herself, of course:

> This list is but a partial summary. The docket, itself, and the record of the trial, confirms most of these violations. Regarding the remainder of the violations, the Movants are prepared to supplement this Memorandum, if necessary, with proof documenting each and every item listed above, as well as additional violations of the Court's orders, violations of the rules of discovery, violations of the Rules of Procedure, and violations of the Code of Professional Conduct by the attorneys for the Plaintiffs-Counterclaims Defendants.

Dkt. No. 833 at 15. But it is not appropriate to file a motion that simply offers to make an appropriate argument with appropriate support at some later date. Rather, "[u]nsupported and undeveloped arguments . . . are considered waived." *See, e.g.*, *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008).

### McCarthy's Renewed Motion for Judgment as a Matter of Law (Dkt. No. 834) and Plaintiffs' Motion for Reconsideration (Dkt. No. 841)

These motions are **DENIED**, as they seek relief—entry of judgment in McCarthy's favor on Fuller's conversion and defamation claims—that McCarthy already has received. While the jury did find in favor of Fuller as to liability on those claims, it awarded her no damages. This was not a judgment in favor of Fuller. *See Franzen v. Ellis Corp.*, 543 F.3d 420, 431 (7th Cir. 2008) ("An interlocutory jury verdict on the issue of liability alone, however, is insufficient to constitute a judgment awarded to the plaintiff."). Accordingly, the Court entered judgment in favor of McCarthy on those claims and every other claim asserted against him in this case. *See* Judgment, Dkt. No. 829 at ¶ 5 ("Counterclaimants Fuller and Hartman shall recover nothing against any of the Counterclaim Defendants."); *cf. Franzen*, 543 F.3d at 431 (noting that "a

4

judgment reading 'Plaintiffs shall take nothing by their complaint' is a judgment in favor of the defendant").

**Hartman's Motion to Alter and Amend Judgment (Dkt. No. 838)**

In this motion, Defendant Hartman asks the Court to alter and amend the verdict against him. Before the Court turns to the merits of the motion, two preliminary issues must be addressed.

First, in this and other post-trial filings, the Defendants attempt to "incorporate by reference their other post-trial motions and request that the Court consider the legal and factual grounds set forth in all of their motions when deciding the merits of each." Dkt. No. 838 at 3. The Court declines to do so. "It is not this court's responsibility to research and construct the parties' arguments," *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011), but, in essence, that is what the Defendants ask this Court to do: read everything they have filed and determine how the arguments they make and the information they provide in Document A might be applied to bolster the arguments they make in Document C. To do so would not be fair to the Plaintiffs, who would be deprived of the opportunity to respond to any such argument that might be constructed by the Court during this exercise in advocating for the Defendants. It is also not an appropriate burden to place on the Court:

> Petitioners direct us to a document filed in the district court, but we have not read it because adoption by reference amounts to a self-help increase in the length of the appellate brief. Even when a litigant has unused space . . . incorporation is a pointless imposition on the court's time. A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.

*DeSilva v. DiLeonardi*, 181 F.3d 865, 866-67 (7th Cir. 1999).

Second, the Court notes that on more than one occasion the Court has admonished defense counsel that requiring the Court to wade through irrelevant (and often vitriolic) diatribes

5

in briefs is counter-productive. The Defendants' reply in support of this motion (dkt. no. 849) is a prime example of the difficulties the Court has had with many of defense counsel's filings. The instant motion was entitled "Defendants-Counterclaimants' Motion, Pursuant to Rule 59(e), Federal Rules of Civil Procedure, to Alter and Amend Judgment; With Offer of Proof." The Plaintiffs entitled their response to the motion "Plaintiffs/Counterclaim Defendants' Response in Opposition to Hartman's Motion to Alter or Amend the Judgment," noting in footnote 1 that "The Motion was purportedly filed in the names of both Hartman and Patricia Ann Fuller ('Fuller'). However, the arguments raised in the Motion only address the damages awarded against Hartman." In the second paragraph of the response, the Plaintiffs specifically cite to the docket number of the instant motion, define it as "the Motion," and then proceed to summarize the arguments made therein and address those arguments.

It is entirely inexplicable, then, although not entirely surprising given defense counsel's past behavior, to read the following in the Defendants' reply brief, which is entitled "Movants' Reply to the Out of Rule 'Plaintiffs/Counterclaims Defendants' Opposition to Hartman's Motion to Alter or Amend Judgment'":

> Plaintiffs' *Opposition* presents some challenges in that Plaintiffs [sic] caption does not relate to any of the post-trial motions that Sister Therese and Inspector Hartman have filed. Stated differently, Inspector Hartman has not filed *any* such motion captioned "*Hartman's Motion to Alter or Amend Judgment*."[3]

---

[3]At this point, the reply brief contains Footnote 1, which reads:

> Plaintiffs' [sic] captioned their Doc. #847, "Plaintiffs/Counterclaim Defendants' Opposition to Hartman's Motion to Alter or Amend Judgment." Movants have not captioned any of their post-trial motions, "Hartman's Motion to Alter or Amend Judgment." Therefore, Plaintiffs' Opposition (Doc. #847,) [sic] on its face, is not responsive to any motion filed by Movants and the Court [sic], and their Opposition Doc. 847 is an out-of-rule extraneous filing, which the Court should strike.

6

> Thus, it appears that Plaintiffs have filed an opposition to a motion that does not exist.[4] In the event that the Court decides to nevertheless consider Plaintiffs' contentions in their out-of-rule filing, the Movants submit this Reply. For purposes of this Reply, Movants will assume, with no small degree of uncertainty, that Plaintiffs are opposing, Defendants-Counterclaimants' Motion, Pursuant to Rule 59(e), Federal Rules of Civil Procedure to Alter and Amend Judgment; With Offer of Proof. (Doc. #838).

Dkt. No. 849 at 1-2. The utter absurdity of this feigned confusion is obvious. There is no requirement that a response brief reproduce, verbatim, the title of the original motion—which, in this case, was needlessly wordy and inaccurate, as the Plaintiffs are correct that the motion seeks relief only on behalf of Hartman and therefore is, in fact, Hartman's motion. There is no way any lawyer could read the Plaintiffs' response and be uncertain which motion it was filed in response to. In light of the fact that defense counsel has wasted the Court's time by baselessly lambasting the Plaintiffs for something that (1) was not erroneous or improper and (2) would not have made any difference if it were, the Court has, as a sanction, not considered Hartman's reply brief.

Turning to the merits of Hartman's motion, he first argues that the verdict against him on the defamation claims of Plaintiffs McCarthy and Langsenkamp cannot stand "given the total lack of any evidence of compensatory damages" that they suffered. This argument ignores the fact that the jury found Hartman liable for defamation *per se*, for which damages are presumed under Indiana law. In fact, the jury was instructed that "There is no definite standard or method of calculation to decide reasonable compensation for presumed damages. The Plaintiff is not required to present evidence of actual harm, or the opinion of any witness as to the amount of

---

[4]At this point, the reply brief contains Footnote 2, which reads:

> The Court's ECF system relates Plaintiffs' *Opposition (Doc. 847)* to the Movants' motion at Doc. 838. Contradicting that reference, however, is the fact that Movants' Doc. 838 is not any such *"Hartman's Motion to Amend of [sic] Alter or Amend Judgment."*

7

reasonable compensation." Final Instruction No. 21.

Hartman next complains about the fact that Fuller's motion for partial summary judgment pertaining to the Plaintiffs' fraud and conversion claims against her was stricken by the magistrate judge assigned to this case as a sanction for Fuller's repeated failure to appear for the completion of her deposition, which the Plaintiffs were entitled to conduct before they responded to the motion.[5] Hartman's argument that the magistrate judge exceeded her authority by deciding a dispositive motion is without merit; she did not decide the motion, but rather struck it as a sanction. If Hartman (or Fuller) disagreed with that sanction, the proper course of action was to file an objection pursuant to Federal Rule of Civil Procedure 72(a). If the ruling had been erroneous, that would have given the Court the opportunity to correct the error promptly and eliminate any prejudice. No objection was filed within the applicable time limit, however; accordingly, Hartman may not now "assign as error a defect in the order." Rule 72(a).

Hartman next complains generally about unspecified evidentiary rulings that "permitted plaintiffs to continue to defame Movants and their counsel during trial," unspecified false hearsay testimony, and unidentified manufactured documents. These arguments are too general for any meaningful consideration by the Court.

Next, Hartman objects to the fact that the Court refused the Defendants' request to instruct the jury that "Fuller's status is relevant only to Plaintiffs' fraud claims. It is not relevant to any other claims or counterclaims." First, the Court notes that the Defendants forfeited their right to object to final instructions by failing to submit proposed instructions despite being given numerous opportunities to do so. Further, it is entirely unclear to the Court how the refusal to

---

[5]Hartman's argument appears to be that had the motion for partial summary judgment been decided on its merits it would have been granted, and had it been granted it would have rendered irrelevant certain evidence at trial that he believes adversely affected him when the jury considered the defamation claims against him.

8

give this instruction has any relevance to the subject of the instant motion: the defamation claims against Hartman.

Next, Hartman objects to the fact that the jury was permitted to take notes during closing arguments. He cites to no authority for the proposition that doing so was improper, and the Court is aware of none. He also did not object at trial. In any event, the jury was instructed that closing arguments were not evidence, and "'[w]e presume that juries follow the instructions given them by the court.'" *Wilson v. City of Chicago*, 758 F.3d 875, 885 (7th Cir. 2014) (quoting *Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008)).

Next, Hartman argues that the Court "erred in preventing [him] from testifying and offering evidence of his financial situation and the impact of this litigation upon him and his family" because a defendant's financial situation is relevant to the issue of punitive damages. Dkt. No. 838 at 3. Hartman has not pointed to any proffered testimony regarding his financial situation that the Court excluded. Rather, he points to "the outset of his direct examination" when he was "asked to explain the impact on him of defending this lawsuit" and the Court sustained an objection on the ground that Hartman had no claims in the suit. *Id.* at 10 (referring, without citation, to Trial Transcript at 2660). At no time did counsel suggest that the purpose of her questioning was to explore Hartman's financial situation or explain that she intended to elicit testimony that would be relevant to the punitive damages claim against him. Far from making the offer of proof required by Fed. R. Evid. 103(a), counsel did not even articulate the potential relevance of her line of questioning, saying only "[i]n defending the litigation, the person would have impact or effect" and suggesting that the fact that he had spent money on the litigation "would reveal information concerning motivation." Trial Transcript at 2660-61. A party cannot offer testimony for one reason and later complain that it should have been admitted for another

9

reason. To do so defeats the purpose of requiring an offer of proof. *See, e.g.*, *Wilson*, 758 F.3d at 885 (Making an offer of proof is essential because it "gives the trial judge the information he or she needs to make an informed ruling. Judges are not mind readers, and even the most prepared judge cannot possibly know as much about a party's case (and strategy) as the lawyer who is trying it. When the relevance of a particular line of questioning is not self-evident, an explanation of what the anticipated answers will be and how those answers advance the party's theory of the case is critical."). The fact that Hartman did not offer evidence of his financial situation falls squarely on his counsel's shoulders.[6]

The remainder of Hartman's motion consists of a litany of complaints about magistrate judge orders to which no objections were filed, unspecified allegedly irrelevant or otherwise improper testimony during trial to which no objections were made, and unspecified exhibits that allegedly were excluded because the opposing parties "feigned not to remember" them upon questioning. Indeed, the only exhibits specifically identified—4810 and 4927—were not excluded by the Court; the former was never offered, and the latter was admitted into evidence. Hartman also argues that the Court "erred by concealing from the jury the misconduct of Plaintiffs and their attorneys, and their discovery abuses," citing to a ruling on a motion *in limine*. Of course, the Court's ruling emphasized that it was preliminary, noting that "[i]f the Defendants believe that the Plaintiffs' actions during the course of this litigation or alleged motivation for this litigation is relevant to a claim or defense in this case, they may certainly make that argument to the Court; they shall do so outside the presence of the jury, however, and prior to eliciting any testimony or tendering any evidence on the issue." Hartman points to no

---

[6]The failure to offer evidence of his financial situation at trial—or even in support of the instant motion—also renders irrelevant Hartman's argument that the "staggering punitive damages award" should be remitted because of his inability to pay. He has simply not offered any actual evidence that he is unable to pay the judgment against him.

such argument that was made or evidence that was offered and excluded during trial on this issue; more fundamentally, Hartman cites no authority for the proposition that the jury's punitive damages award against him should be remitted because of the litigation conduct of the Plaintiffs or their counsel. Hartman's general complaints about various wrongs he believes were committed by the Court, the magistrate judge, the Plaintiffs, and Plaintiffs' counsel are simply not developed sufficiently to permit meaningful consideration of them by the Court. Accordingly, Hartman's Motion to Alter and Amend Judgment (Dkt. No. 838) is **DENIED**.

### Plaintiffs' Motion for Injunction against Further Defamation (Dkt. No. 839)

This motion was filed on April 16, 2014, which made the response due no later than May 5, 2014. The Defendants' response was filed late and exceeded the page limit set forth in this Court's Local Rules. Pursuant to Local Rule 7-1(c)(4), the court "may summarily rule on a motion if an opposing party does not file a response within the deadline." Given the Defendants' repeated missed deadlines and the Court's repeated admonitions, discussed above, it is particularly appropriate to exercise that option in this case. Accordingly, the Court has not considered the Defendants' response to the instant motion; instead, the Court summarily **GRANTS** the motion. The Court will enter an amended judgment that includes the injunctive relief sought by the Plaintiffs.[7]

### Plaintiffs' Motion for Declaratory Judgment (Dkt. No. 840)

The Defendants have filed no response to this motion; accordingly, pursuant to Local Rule 7-1(c)(4), it, too, is summarily **GRANTED**. The amended judgment entered by the Court will include the declaratory relief sought by the Plaintiffs.

---

[7]The Court recognizes that there are First Amendment implications to enjoining speech; however, the Defendants forfeited the opportunity to raise that issue by missing their response deadline.

**Defendants' Motion for Leave to File a Longer Brief (Dkt. No. 843)**

Local Rule 7-1(e) limits briefs in support of motions to 35 pages and provides that that limit may be extended by the Court for "extraordinary and compelling reasons." The Defendants ask the Court for leave to file a brief in excess of 100 pages in support of their "Motion for Relief from Judgment, Pursuant to Rules 60(b)(3) and 60(d)(3), and Rule 37, Federal Rules of Civil Procedure, and 28 U.S.C. § 1927." That motion is **DENIED**. As discussed at length above, the Defendants' attempt to recover attorney fees pursuant to Rule 37 and § 1927 was untimely; it cannot be revived by filing yet another motion. That leaves Rules 60(b)(3) and 60(d)(3), both of which require the Defendants to demonstrate that the Plaintiffs perpetrated fraud on the court that prejudiced the Defendants in the presentation of their case. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010); *see also Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014) ("The party seeking relief pursuant to Rule 60(b)(3) must show that he had a meritorious claim that he could not fully and fairly present at trial due to his opponent's fraud, misrepresentation, or misconduct."). A quick perusal of the Defendants' tendered brief demonstrates that it is not limited to attempting to make such a showing, but rather includes lengthy discussions of errors the Defendants believe the Court committed and complaints about orders of the magistrate judge that were not objected to at the appropriate time and therefore may not be raised now. To the extent that the Defendants make any arguments that would properly be made by means of a motion made under Rule 60(b)(3) or Rule 60(d)(3), there is no reason why those arguments could not be made within the applicable page limits, or at least in a brief substantially shorter than the one tendered by the Defendants.

**Defendants' Motion for Leave to File a Longer Brief (Dkt. No. 844)**

Next, the Defendants seek leave to file a brief in excess of the 35-page limit in support of a motion they purport to file under Rule 59(b). Of course, as the Defendants come close to conceding in their reply brief, the motion was untimely and therefore cannot be considered under Rule 59. However, the Defendants are correct that the proper course of action is not to strike the untimely motion, as urged by the Plaintiffs, but rather to treat it as a Rule 60 motion. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.").

The question before the Court, then, is whether the Defendants should be granted leave to file a 46-page brief in support of their Rule 60 motion. The Court finds that request to be reasonable and therefore **GRANTS** the motion. **The Clerk is directed to docket the Defendants' motion (found at Dkt. No. 844-1) as of the date of this Entry**.

**Defendants' Newly-Docketed Rule 60 Motion**

Ordinarily the Court would now give the Plaintiffs the opportunity to respond to the Defendants' Rule 60 motion; however, there is no need to do so in this case, as the motion fails to assert any grounds that would justify the relief they seek. Accordingly, for the reasons set forth below, the Defendants' motion for relief from judgment is **DENIED**.

The Defendants' first argument is that they are entitled to a new trial because Defendant Fuller suffered from health problems during the trial that made her incapable of offering reliable testimony. Fuller missed several days of the trial because she was hospitalized or otherwise ill; each time her counsel, in the presence of Defendant Hartman, represented that Fuller did not wish for the proceedings to be delayed due to her absence. As for Fuller's testimony, while there

were certainly some moments of confusion, and while she sometimes needed to have questions repeated and was not able to remember all of the details she was asked about (understandably, given the passage of time, the plethora of events about which she was asked, the fact that counsels' questions were not always as clear as they could have been, and the acoustics of the courtroom), her testimony overall did not suggest that she was incompetent to testify. She was certainly physically weak, and undoubtedly found the experience mentally and physically taxing, but she was able to respond to questioning in a coherent manner. Her counsel and her co-Defendant were in the best position to assess Fuller's competency, and at no time did the Defendants seek a continuance or suggest that one was desired; nor did the Court's own observations indicate that the situation was such that a *sua sponte* order would have been appropriate. The time for the Defendants to raise the issue of Fuller's alleged incompetency was during trial; having failed to do so, they may not raise it now to obtain a new trial because they are unhappy with the jury's verdict.

Next, Fuller argues that the jury's verdict regarding Copyright TXu 366-731 was against the weight of the evidence because there is no evidence that the writings contained in the subject of that copyright—what has been referred to generally in this litigation as "the Diary"—were published prior to 1978 and therefore are in the public domain. This is not a proper ground for a Rule 60 motion. In any event, the Court disagrees with Fuller's argument. As Fuller recognizes, the issue before the jury was whether the distribution of the Diary by its author, Sister Mildred Mary Neuzil, satisfied the definition of "limited publication," which is one that "communicates the contents of the manuscript to a definitely selected group and for a limited purpose, and without the right of diffusion, reproduction, distribution or sale." *Technicon Med. Inf. Systems Corp. v. Green Bay Packing*, 687 F.2d 1032 (7th Cir. 1982) (citations omitted). The jury

determined that it did not.  This determination was supported by the evidence.  Just as an example, Exhibit 1011 is a letter written by Sister Mildred Mary Neuzil to Bishop Liebold in which she says that she is sending him copies of "the message" and notes that she had sent copies to others as well.  Her instructions to Bishop Liebold in the letter—"Do with them as you wish"—are not consistent with a finding that they were given to him "without the right of diffusion, reproduction, distribution or sale."

Next, Hartman argues that the evidence at trial proves that he exercised reasonable care in determining the truth of the statements he published on his blog and therefore the jury incorrectly found him liable for defamation.  The Court already has addressed that argument twice—in ruling on the Defendants' Rule 50 motion and in ruling on Hartman's Rule 59 motion—and need not address it again.  Neither will the Court address again Hartman's argument that the Court prevented him from testifying about his financial condition.

The Defendants next attempt to raise the issue of the Plaintiffs' "unclean hands" by incorporating by reference the oversized brief that they have now been denied leave to file.  Accordingly, the Court also will not consider that issue in the context of this motion.

Next, the Defendants argue that the Court erred in dismissing Fuller's RICO claims.  This is not the proper subject of a Rule 60 motion, but rather a matter Fuller can take up on appeal; accordingly, the Court declines to revisit that ruling here.

Finally, the Defendants argue that the Court erred "by permitting Plaintiffs to falsely testify that their unlawful money laundering and tax evasion were 'perfectly legal.'"  Putting aside the merits of the Defendants' position regarding the falsity of the Plaintiffs' testimony, the Court is unaware of any motion to strike such testimony or request for a curative instruction that was denied, and the Defendants cite to none.

For the reasons set forth above, the Court determines that the Defendants have failed to demonstrate that they are entitled to relief under Rule 60 and accordingly **DENIES** the Defendants' Rule 60 motion.

**Defendants' Request Under Rule 54(d)(2)(C) for the Opportunity to Provide Adversary Submissions Opposing Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 836)**

The Court construes this motion as a request for an extension of time to respond to the Plaintiffs' motion for attorneys' fees. That request is **GRANTED**. The Defendants shall file any response they wish to file regarding the substance of the Plaintiffs' motion for attorneys' fees **within 60 days of the date of this Entry**. This response shall raise and fully support any arguments the Defendants wish to make regarding the Plaintiffs' entitlement to fees and the amount of fees sought. The response should not attempt to incorporate other filings by reference or offer to provide additional argument or evidentiary support in the future. To the extent that the Defendants wish to dispute specific entries in the billing records submitted (i.e. argue that no fees should be recovered for counsel's work on particular matters), they may do so succinctly in exhibits that track the three affidavits submitted with the Plaintiffs' motion. Because piecemeal responses to motions are not appropriate, the Court has not considered the arguments contained in the motion for time, none of which relate to the issue of whether the Defendants should have additional time to respond to the Plaintiffs' motion, which is the purported subject of the Defendants' motion.

## CONCLUSION

The Court believes that this Entry resolves all of the parties' post-trial motions with the exception of the Plaintiffs' motion for attorneys' fees, which is taken under advisement pending the Defendants' response as set forth above. For the benefit of the docket clerk, the rulings herein are summarized as follow:

- Defendants' Motion for Attorney's Fees (Dkt. No. 832) is **DENIED**

- McCarthy's Renewed Motion for Judgment as a Matter of Law (Dkt. No. 834) is **DENIED**

- Plaintiffs' Motion for Reconsideration (Dkt. No. 841) is **DENIED**

- Hartman's Motion to Alter and Amend Judgment (Dkt. No. 838) is **DENIED**

- Plaintiffs' Motion for Injunction Against Further Defamation (Dkt. No. 839) is **GRANTED**

- Plaintiffs' Motion for Declaratory Judgment (Dkt. No. 840) is **GRANTED**

- Defendants' Motion for Leave to File a Longer Brief (Dkt. No. 843) is **DENIED**

- Defendants' Motion for Leave to File a Longer Brief (Dkt. No. 844) is **GRANTED** and the Clerk is directed to docket the Defendants' motion (found at Dkt. No. 844-1) as of the date of this Entry

- Defendants' Newly-Docketed Rule 60 Motion is **DENIED**

- Defendants' Request Under Rule 54(d)(2)(C) for the Opportunity to Provide Adversary Submissions Opposing Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 836) is **GRANTED** only to the extent that it requests additional time

- Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 831) is **TAKEN UNDER ADVISEMENT**

In addition, pursuant to Federal Rule of Civil Procedure 54(d), the Clerk is directed to tax costs in favor of the Plaintiffs as set forth in their Bill of Costs (Dkt. No. 830).

SO ORDERED: 9/18/14

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**LARRY YOUNG
P.O. Box 996
Lake Zurich, IL 60047**

Copies to all counsel of record via electronic notification