# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN B. McCARTHY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-cv-994-WTL-DML |
| ) | |
| PATRICIA ANN FULLER, a/k/a SISTER ) | |
| JOSEPH THERESE, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON VARIOUS MOTIONS

Before the Court are five motions: the Plaintiffs' Motion to Hold Defendant Paul Hartman in Contempt (Dkt. No. 858); the Plaintiffs' Motion to Permit Registration of the Amended Judgment (Dkt. No. 867); the Plaintiffs' Motion to Strike (Dkt. No. 879); the Defendants' Motion to Disqualify District Court and Magistrate and Reassign Case (Dkt. No. 889); and the Defendants' Motion to Vacate (Dkt. No. 891). The Court resolves the motions as follows.

### I.     MOTION TO DISQUALIFY THE TRIAL COURT AND MAGISTRATE JUDGE

On January 20, 2015, the Defendants filed a motion to disqualify the trial court and magistrate pursuant to 28 U.S.C. § 455(a) and the Code of Conduct for United States Judges (Dkt. No. 889). This motion is **DENIED**. The Defendants have not made a showing of actual impropriety, the appearance of impropriety, or actual bias on the part of the undersigned or the magistrate judge assigned to this case that would warrant disqualification, recusal, or reassignment.

## II. MOTION TO HOLD DEFENDANT PAUL M. HARTMAN IN CONTEMPT

The Plaintiffs have filed a motion to hold Defendant Paul M. Hartman in contempt for failing to abide by the Court's Amended Judgment (Dkt. No. 858). The Amended Judgment (Dkt. No. 856) ordered Hartman to "take down" his blog located at ourladyofamerica.blogspot.com and enjoined him from making certain specific statements about the Plaintiffs. Although Hartman removed the prior postings from his blog, he did not disable it. Rather, on September 22, 2014, Hartman effectively posted a copy of the Court's injunction, including the specific statements he was enjoined from making, on his blog under the heading "Judge Violates First Amendment to the United States Constitution!!!." Google, however, disabled the blog shortly thereafter. *See* Dkt. No. 860.

The Court **DENIES** the motion for contempt. Although Hartman was not the one to do it, the website is currently disabled and the statements are no longer available on the internet. The Court, however, cautions Hartman against any further violations of the Amended Judgment. Additional violations will not be taken lightly by the Court.[1]

## III. ENTRY ON MOTION TO PERMIT REGISTRATION OF THE AMENDED JUDGMENT

The Plaintiffs have also filed a motion to permit the registration of the amended judgment pursuant to 28 U.S.C. § 1963 (Dkt. No. 867). This motion is **DENIED**.

28 U.S.C. § 1963 provides the following:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown

---

[1] The Plaintiffs' request to strike the exhibits attached to the Defendants' Response is also denied. *See* Dkt. No. 866 at 6-8.

As the Plaintiffs note, the Defendants have filed a notice of appeal, *see* Dkt. No. 862; thus, registration of the Amended Judgment is "possible only when ordered by the court that entered the judgment for good cause shown." *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 371 (7th Cir. 1991) (internal quotation marks omitted).[2]

The Plaintiffs argue that they have shown "good cause" to permit registration of the Amended Judgment in the Northern District of Ohio because the Defendants do not own assets in this district but own substantial assets in the Northern District of Ohio. Specifically, the Plaintiffs have submitted an affidavit with attached exhibits illustrating that Fuller and Hartman own certain pieces of real estate and/or other assets in the Northern District of Ohio. *See* Dkt. No. 867-1.

The decision to allow a party to register a judgment is solely within the discretion of the district court. *See Chicago Downs*, 944 F.2d at 372 (reviewing a district court decision granting a motion to register a judgment for an "abuse of discretion"). This case has spanned over seven years, resulted in an almost eight week trial, and is now being appealed on a variety of grounds. The Court declines to exercise its discretion to grant this motion at this time.

### IV. MOTION TO STRIKE

On October 28, 2014, the Defendants requested that the Clerk of this Court include ten deposition transcripts in the record that is sent to the Court of Appeals in connection with the appeal that was filed in this cause. Subsequently, the Plaintiffs' filed a motion to strike those ten deposition transcripts from the record on appeal (Dkt. No. 879). This motion is **DENIED**. The

---

[2] 28 U.S.C. § 1963 was amended to explicitly permit the registration of judgments in other districts on a showing of good cause while an appeal was pending. Thus, the Defendants' argument that the Plaintiffs' motion is premature because they timely filed a notice of appeal is without merit. In fact, in quoting the pertinent language of 28 U.S.C. § 1963, the Defendants omit the "good cause" standard. *See* Dkt. No. 873 at 2.

Court cannot say with certainty, given the breadth of the Defendants' Notice of Appeal, that the transcripts are entirely irrelevant to the Defendants' appeal. Once the issues are more clearly delineated, if the Court of Appeals believes the transcripts are not relevant to the issues on appeal and/or not properly part of the record, the Court is confident that it will disregard them.

### V. MOTION TO VACATE

The Court now addresses the last motion, filed by the Defendants. On October 17, 2014, the Defendants filed their Notice of Appeal. Subsequently, they filed their Seventh Circuit Transcript Information Sheet (Dkt. No. 871), identifying those portions of the transcript they were ordering. Unsatisfied with the portions so designated, the Plaintiffs filed a motion requesting that this Court order the Defendants to order the full trial transcript (Dkt. No. 880). That motion was summarily granted (Dkt. No. 887). The present motion to vacate requests that this Court vacate that order.

The Defendants' motion to vacate Docket No. 887 (Dkt. No. 891) is **DENIED**. The thrust of the Defendants' argument to vacate is that the Court is biased against them and erred in deeming their response in opposition as untimely. As the Court explained above, the Defendants have not made a showing of actual impropriety, the appearance of impropriety, or actual bias on the part of the undersigned.

With regard to the untimeliness of the Defendants' response, the Court recognizes the oddity of the "Filed 12/19/14" stamp that appears on all twelve pages of the Defendants' response. As the Court noted previously, the response was not "filed" on December 19, 2014; it was filed at 12:15 a.m. on December 20, 2014.[3] Pursuant to Local Rule 5-4(b), "[e]lectronic

---

[3] This date and time comes from the "Electronic document Stamp" and "Notice of Electronic Filing" generated by CMECF.

transmission of a paper to the Electronic Case Filing System consistent with these rules, together with the transmission of a notice of Electronic Filing from the court, constitutes filing of the paper for all purposes of the Federal Rules of Civil Procedure and the court's local rules." Therefore, despite the "Filed 12/19/2014" stamp appearing on the Defendants' response itself, the document was not filed for the Court's purposes until 12:15 a.m. the following day. The Defendants' arguments notwithstanding, the Court continues to regard their response as untimely.[4]

Despite this, the Court has reviewed the Defendants' response; however, the Court's decision remains the same. On appeal, the Defendants intend to argue that sufficient evidence does not support the jury's verdict. It is unclear to the Court how the Court of Appeals would be able to make that determination based on only a portion of the trial transcript.[5] *See* Fed. R. App. P. 10(b)(2) (noting that in an appeal in which the appellant intends to argue that a finding or conclusion at trial is unsupported by or contrary to the evidence, "the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion"). Indeed, the Defendants did not request the portion of the trial transcript that contained the testimony of Kevin McCarthy and Albert Langsenkamp when they were questioned at length by the Plaintiffs; both are named parties to this case whose testimony undoubtedly is relevant to the issue of whether the jury's verdict is unsupported or contrary to the evidence.

---

[4] The Defendants' repeated complaints regarding the CMECF system are without merit. The Seventh Circuit has noted that "[a] prudent litigant or lawyer must allow time for difficulties on the filer's end." *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012). This is especially true at this point in this case, given the vast experience the attorney has had using the system in question.

[5] While the Defendants argue that much of the complete trial transcript contains irrelevant testimony, the Court notes that the Defendants rarely unsuccessfully objected to the testimony during trial on relevancy grounds.

In the alternative, the Defendants now request that this Court order the Plaintiffs to pay for the cost of the additional portions of the transcript. This request is also **DENIED**. The Defendants, not the Plaintiffs, filed the appeal; accordingly, they are responsible for the cost of the transcript. *See Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011) ("The appellant has the burden of ordering the necessary transcripts; when challenging the sufficiency of the evidence, this includes the trial transcript."). **The Defendants shall order the complete trial transcript on or before Wednesday, February 11, 2015**.

## VI. CONCLUSION

For clarity's sake, the Court has resolved the motions addressed in this Entry as follows:

- The Plaintiffs' Motion to Hold Defendant Paul Hartman in Contempt (Dkt. No. 858) is **DENIED**.

- The Plaintiffs' Motion to Permit Registration of the Amended Judgment (Dkt. No. 867) is **DENIED**.

- The Plaintiffs' Motion to Strike (Dkt. No. 879) is **DENIED**.

- The Defendants' Motion to Disqualify District Court and Magistrate and Reassign Case (Dkt. No. 889) is **DENIED**.

- The Defendants' Motion to Vacate (Dkt. No. 891) is **DENIED**. **The Defendants shall order the complete trial transcript on or before Wednesday, February 11, 2015**.

Thus, the only pending motion left in this cause is the Plaintiffs' Motion for Attorney Fees (Dkt. No. 831). The Court will resolve that motion in due course.

SO ORDERED: 1/27/15

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

    **LARRY YOUNG**
    **6765 E. Mount Vernon Ct.**
    **Gurnee, IL 60031-4034**

Copies to all counsel of record via electronic notification